■ The cause was continued nisi, and at this term, the opinion of the Court was delivered as follows by
Parsons, C. J.
[After reciting the facts.] On these facts the question arising is, whether the plaintiff was, or was not, legally ousted by Boylstone, the judgment creditor.
The defendant, denying the ouster, has made several objections against the plaintiff’s recovery.
First, that the devise of the lands conveyed was a specific devise, and was not liable for the payment of the testator’s debts by the levy of a creditor, until all the lands given to the residuary legatee *141 had been first applied; because, until then, the executor could not have obtained a license to sell them for the payment of the testator’s debts.
It is our opinion that this objection cannot prevail By the seventh section of the statute of 1783, c. 32, the real estate of any testator is liable to be taken in execution upon judgments recovered against executors for debts due from the testator. And by the eighth section of the same act, *any execu- [ * 154 ] tor delaying or neglecting to pay the debts due from the testator, and thereby subjecting the testator’s lands to be taken in execution, shall be deemed guilty of waste. And by the eighteenth section of the statute of 1783, c. 24, when real estate devised to any person shall be taken in execution for the payment of the testator’s debts, the other legatees and devisees shall be held to contribute fro rata. From these provisions, it is manifest that all the lands of the testator, as well as his chattels, are liable to be taken in execution for the payment of his debts, if not satisfied by the executor; and the judgment creditor may levy his execution on any of those lands at his election. If any devisee or his assigns are injured, the remedy is by action of waste against the executor, if he has been guilty of unfaithful administration; or by an action for contribution against the other legatees and devisees. The right of the creditor is the same, when the land taken in execution is de vised by a particular description, or passes by general words to the residuary legatee. For in all cases a devise of lands is considered as a specific devise, whether it be devised by a special or a general description, to a particular devisee, or to the residuary legatee. Vide 7 Ves. Jun. 137.
Another objection is, that, in this case, the executor had given to the Probate Court a bond, with condition to pay the debts and legacies agreeably to the seventeenth section of the statute of 1783, c. 24, and that by force thereof the lien of the creditors on the testator’s lands was discharged.
We do not think that this objection has any weight. This bond is given at the election of an executor, who is residuary legatee, for his benefit, to excuse himself from returning an inventory, and from settling an account; and not to discharge the lien of the creditors by substituting a new security. Whatever remedy a creditor may have on the bond, it is a cumulative remedy. This point was determined in the case of Gore vs. Brazier.
The third objection is, that, at the time of the levy, the plaintiff was seised under a conveyance by the defendant, and that the creditor’s lien was taken away by a bona fide sale by the devisee.
*142 [ * 155 ] * We are satisfied that this objection ought not to prevail; otherwise the intention of the statutes, providing that the real estates of testators shall be liable for the payment of their debts, might be easily defeated. A creditor cannot recover judgment for his debt until the expiration of a year from the testator’s death, during which time it would be easy for the devisees to aliene all the estates devised to them; and it is not supposed that they are accountable for the proceeds of the sales either to the executor or creditors. But we do not mean to be understood as deciding that a creditor, by unreasonable neglect and delay in pursuing his remedy, may not be deemed to waive his lien on the testator’s real estate. In this case, the remedy was promptly and seasonably pursued. This point w'as also adjudged in the case of Gore vs. Brazier.
The last objection is, that, the plaintiff being seised and in possession when the levy was made, the levy did not give the judgment creditor an actual seisin, but only a right to be seised on a subsequent entry ; and as the case does not state such a subsequent entry, the plaintiff has not yet been lawfully ousted.
It appears to us that this objection must have the same fate as the others. The statute of 1783, c. 57, § 2, and <§> 3, expressly provides that, when lands are taken in execution, the officer shall deliver seisin and possession to the creditor, who shall be answerable for the net profits to the debtor, if he shall redeem by paying the debt and interest within a year. And by the statute of 1788, c. 51, § 3, it is declared that when lands shall be extended upon, to satisfy an execution recovered by an executor or administrator, for a debt due to the deceased, he shall stand seised of those lands for the use of the persons who were interested in the debt. It is therefore very clear that, when an execution is duly levied on lands liable by law to be extended upon, in satisfaction of the execution, the judgment creditor is, by virtue of the. levy, actually seised of those lands. This point was fully considered and settled, when the judgment debtor was the ter-tenant, in the case of Lang- [ * 156 ] don vs. Potter & Al., (4) *and when the alienee of the devisee was the ter-tenant, which is the present case, in the often-cited case of Gore vs. Brazier.
The parties having agreed' that at this time the land is worth 3000 dollars, that it was in fact appraised to the judgment creditor at a much less sum, and that the plaintiff defeated the levy by paying within the year the appraisement with the interest, the defendant has argued that, in this case, the value of the land, at the time *143 of the ouster, is not the measure of damages, but that the sum paid to the plaintiff, to release the same, with interest, is all that he can legally claim. And we think that the defendant is right. The plain tiff, by virtue of the defendant’s deed to him, not only derived from the defendant all his estate in the land, but also an equitable right to redeem it, if it should be taken to pay the testator’s debts. This equitable right, thus obtained, he exercised to defeat the levy, and what benefits he received by it must accrue to the defendant, from whom it was derived. The plaintiff cannot, therefore, be considered as now in possession under a new title, but as under his former title, having removed an encumbrance on. it. For the necessary expenses he incurred in extinguishing the encumbrance, he is entitled to demand a reimbursement from the defendant. The redemption paid by the plaintiff, with interest from the time of pay ment to the time of the judgment, forms the amount of the damages the plaintiff can recover.

Let the defendant he called, and judgment he rendered for the \plaintiff

 Ante, vol. iii. 215.