Parsons, C. J.
The several questions arising on these facts have been already decided by the Court in the cases of Gore vs. Brazier, (ante vol. iii. 523,) and Wyman vs. Brigden, (ante, 150,) and the plaintiff must have judgment, unless we should overturn those decisions, which were made on covenants of warranty in the conveyances of lands executed by the same devisee, under the same will of the late Lieutenant-Governor Gill, and which had been broken by the eviction of the grantees, to satisfy the demands of the same judgment creditor.
We have decided that the lands of the testator are liable to be levied on, to satisfy the debts which he owed ; that the conveyance of these lands by the devisee did not defeat the lien of the creditor, to whom no loches were imputable ; that these lands might be levied on, and taken from the purchaser; and that the delivery of seisin by the sheriff to the creditor in satisfaction of his execution is an eviction of the tenant. These decisions necessarily resulted from the obvious construction of the statutes, making lands and tenements liable for the payment of debts.
*The damages in this case must be measured by the [*514] value of the land at the time of the eviction; to which interest may be added, until the time when the damages are assessed.

Let judgment be entered for the plaintiff.