By the Court.

The respondent has exhibited a legal title to the land claimed by her. It is the general right of a creditor recovering judgment against the effects of his deceased debtor, to extend his execution upon the lands of the deceased, (a) except in certain *182 cases mentioned in our statutes, of which this was not one. Nor is there any mischief to be apprehended to the other creditors, if the administrator is faithful to iiis trust. If he is otherwise, the creditors have their remedy against him. It is by no means proper to take into consideration facts arising after an estate has once lawfully vested, for the purpose of defeating such estate. Yet all the objection to the respondent’s claim arises out of her conduct after the extent of her execution. This conduct of hers cannot operate as a waiver of a right which had regularly vested in her; if such were the effect, it would avoid the estate in the hands of a bonei fide purchaser from her. Such a construction cannot be admitted. It has been urged upon us, that the case, under the circumstances of it, was open to equitable considerations; but the admitting her to defend in the suit gave her all legal rights, and we cannot now deprive her of them. The verdict is to be so altered, that the petitioner shall have judgment that three eighth parts of the two thirds be set off to him. The respondent has established her claim to the two eighth parts.
ADDITIONAL NOTE.
[See Towle vs. Bannister, 16 Pick. 255. — F. H.]

 [Prescott vs. Tarbell & Al., 1 Mass Rep. 204. — Gore vs. Brazier, 3 Mass 503. — vs. 4 Mass. 150. — Drinkioater vs. *182 4 Mass. Rep. 354. — Bigelow vs. Jones, 4 Mass. Rep. 512. — Boylston vs. Carver, 4 Mass. Rep. 598. — Mitchell vs. Lunt, 4 Mass. Rep. 464. — Scott vs. Hancock, 13 Mass, Rep. 162. — Ed.]