BATCHELDER, adm., *vs.* RUSSELL & a.

Where an estate is devised for the payment of certain debts and legacies, the remainder to go to the executor as residuary legatee, who gives a bond to pay the debts and legacies, the property in the estate vests in the residuary legatee, and the only security for the payment of prior debts and legacies is derived from the bond required to be given by statute.

THIS was a writ of entry, for a certain tract of land in Mason, brought by the plaintiff, as administrator of the estate of Samuel Whiting, and was tried on the general issue at the present term.

The plaintiff, in support of his title to the demanded premises, offered the copy of a judgment recovered by said Whiting in his lifetime against Samuel Tarbell, Jr., as executor of the last will of Samuel Tarbell, deceased, at the superior court, held at Amherst, on the third Tuesday of April, 1827, for the sum of $273·70 damages, and $18·86 cost, on which judgment a pluries execution issued the 2d day of August, 1828, and was duly extended on the premises the 4th day of October, 1828.

The defendants then offered a copy of the will of Samuel Tarbell, deceased, made and executed on the 22d day of March, 1824, and duly proved and approved on the 25th day of May, 1824, wherein the said Samuel Tarbell, jr., was ap-

pointed executor and made residuary legatee, who accepted the trust, and gave bond to the judge of probate for said county to pay the debts and legacies of said deceased; in which bond said Russell & Elliot, the defendants, were sureties for said executor.

On the first day of June, 1826, the said Samuel Tarbell, executor, and Martha his wife, made and executed a mortgage deed of the premises demanded, to said Russell & Elliot, conditioned to bear them harmless from all damage on account of signing said bond as sureties. The property mortgaged was part of the estate of which the said Tarbell was residuary legatee.

Upon this evidence the court instructed the jury, that the said Samuel Whiting did not acquire any legal title to the premises demanded, by his said extent; and thereupon the jury found a verdict for the defendants; to which instructions the plaintiff excepted, and moved for a new trial.

*Farley & Shattuck*, for the plaintiffs.

*C. G. Atherton*, for the defendants.

Upham, J. The statute of July 2, 1822, § 9, 1 *Laws N. H.* 357, enacts that the estate of every person dying testate shall stand chargeable, so far as the rights of creditors are concerned, with the reasonable expenses of administration, and the funeral charges and just debts of the deceased.

Another statute of July 2, 1822, § 3, provides for an inventory to be returned by executors and administrators. It is, however, provided that if the executor be also residuary legatee, a bond may be taken only to pay the funeral charges, debts, and legacies, and to render an account when required.

This provision has always been construed to excuse the executor, who is also residuary legatee, from rendering any inventory of the property of the testator, if he gives such bond; and where no inventory is required to be taken, no account to the court of probate is usually required to be rendered.

The policy of the law in such case seems to be to surrender to the residuary legatee all the property of the testator, and to rest solely on the bond for the security of claimants upon the estate.

On no other principle can we account for the fact that no inventory of the property is required by law to be taken. Ordinarily, when property is taken into the custody of the law by its officers, or when individuals are commissioned by any judicial tribunal to receive property and apply its proceeds in trust for others, an inventory of such property is required by statute, as the first means to ensure accountability ; and the omission to make such a provision in this case is a strong argument that the law claimed no control over the property, but permitted it to pass directly to the legatee, taking only such measures as are deemed sufficient to enforce the conditions of the devise—which is supposed to be fully attained by the bond taken for this purpose.

It may be said that this construction of the law will render it unsafe to creditors and legatees of estates, where the executor is residuary legatee ; but there is the same security in this case that there is to the creditors of an insolvent estate. There the entire property of the estate passes into the hands of the executor or administrator, and is disposed of ; and the payment of claims depends on the sufficiency of the bond taken ; and if, in cases like the present, any doubt existed as to the sufficiency of such security, it would have been easy to have provided by statute that the property devised should be holden directly for the payment of debts and legacies, instead of omitting to provide that the property should be inventoried or accounted for, and in effect that the creditors should have their remedy, independent of the property, for their claims. There is, also, a reason for holding to this doctrine, as the residuary legatee would need the control of the property for the payment of the debts and legacies.

The case of *Tarbell & a.* vs. *Whiting,* 5 *N. H. R.* 63, which was a petition for a new trial, and which contains in

part the facts of this case, recognizes the law as laid down by us.

The early authorities in Massachusetts sustain a different doctrine. The principal case to this point is *Gore* vs. *Brazer*, 3 *Mass. R.* 523, which is sustained in some degree by *Wyman* vs. *Brigden*, 4 *Mass. R.* 150; *Thompson* vs. *Brown*, 16 *Mass. R.* 172, and *Emerson* vs. *Thompson & a.*, ditto 429.

But in 5 *Pick. R.* 337, *Clark* vs. *Tufts*, the doctrine of these cases, so far as it had been previously sustained, is overruled, and it is there holden that " if an executor, who is residuary legatee and devisee, give bond according to law for the payment of debts and legacies, the effect is to vest in him an absolute and indefeasible title to the estate devised, and to give him full authority to sell and convey the same without any order or license of court, whether he give notice of his appointment or not ; and a sale made by him cannot be defeated by a creditor of the testator, or by a legatee, who shall levy upon the estate for the purpose of satisfying the debt or legacy."

After full consultation upon the subject, we incline to the opinion that the latter doctrine should be sustained, and that as soon as the executor in this case had given bond, as required by statute, the estate of the testator vested in him. He, of course, had a right to convey the same, and the title from him to the defendants must be sustained.

There will, therefore, be

*Judgment on the verdict for the defendants.*