## Clough & ux. v. Elliott & ux.

Where A. gave to his wife H., during her natural life, the south-east foreroom in his house, a right to as much of the kitchen, chamber and cellar as should be necessary for her use, pine wood suitable and sufficient for her fire and put into the wood-house, one third part of all the produce of his farm, except the hay-fodder and pasturing, one cow and two sheep, to be well kept for her, and a horse and carriage furnished her when she should choose to ride, — *held*, that these provisions of the will were a charge upon the land, and run with the land.

If lands, upon which there is such a charge, be devised, and the devisee die, his widow is not entitled to dower in the premises, until she contributes, or offers to contribute, her equal proportion towards fulfilling the provisions of the will. Nor can she maintain an action of dower against her husband's grantee of said lands, who has defrayed the charges upon the lands, until she in like manner contributes, or offers to contribute, her equal proportion of such charges.

DOWER. The plaintiff's writ was dated September seventh, 1849, and the claim was for dower in certain premises in Hopkinton. The writ set forth that Parney B. Clough, one of the

plaintiffs, was formerly wife of Chase Fowler, deceased, intestate, and that she was dowable of the endowment of said Chase Fowler, her late husband, in the premises described. The writ was in due form, and averred seizin and possession of the premises by Fowler, during the coverture.

The defendants pleaded, " that the said Alpheus and Parney ought not to have and maintain their action aforesaid, because they say that one Jonathan Fowler, late of Hopkinton, in said county, at said Hopkinton, on the first day of August, 1836, was seized of said lands with the appurtenances in his demesne, as of fee, and being so seized did then and there make his last will and testament in writing, in due and legal form, a copy where-of, duly authenticated, they bring here into court; and therein among other things devised said lands with the appurtenances to said Chase Fowler, his son, with provisions that Hannah, the wife of said Jonathan, should be maintained as follows, to wit: that the said Hannah should have, during the term of her natural life, the use and occupancy of the property hereinafter named, to wit: of all the household furniture of said Jonathan and of the south-east foreroom in the house of the said Jonathan — which said house is part and parcel of the lands aforesaid — that she should have a right to as much of the kitchen, chamber and cellar of said house, as should be necessary for her use ; that she should have pine wood suitable and sufficient for her fire, and put into the wood-house ; that she should have one third of all the produce of the farm of said Jonathan, excepting the hay-fodder and pasturing — which said farm includes, and is the rest and all the remaining parts and parcels of the lands aforesaid ; also that said Hannah should have one cow and two sheep, to be well kept for her, and a horse and carriage furnished her when-ever she would wish to ride abroad ; and the defendants further say that afterwards, to wit: on the seventh day of September, 1840, at said Hopkinton, said Jonathan died, seized as aforesaid, and the said Hannah survived him and still survives ; that the said will was duly proved and approved in the court of probate for Merrimack county, at Concord, in said county, on the twen-ty-third day of October, 1840, and the said Hannah, being the

widow of said Jonathan, then and there agreed to said will, and accepted its provisions. aforesaid; whereby the maintenance of said Hannah, as aforesaid, became and was and still is a charge upon the lands aforesaid and running with the said lands; that said Chase entered under the will aforesaid, and afterwards, to wit: on the twenty-ninth day of October, 1842, at said Hopkinton, by his deed of that date, duly executed, acknowledged and recorded, and here in court produced, bargained, sold and conveyed all his right, title, seizure and estate to and in said lands, with the appurtenances, to Eunice, his sister, one of the defendants, who is now the wife of said Henry, the other defendant, and the said Eunice entered and was possessed of said lands; and after said sale, the said Eunice, before her marriage to said Henry, and the said Henry and Eunice since their intermarriage, have maintained, and still do maintain the said Hannah, according to the provisions of the will aforesaid; and the defendants further say that neither has said Parney, before her marriage to said Alpheus, nor have said Alpheus and Parney, since that time, borne and discharged, or offered to bear and discharge, a reasonable and just proportion of the expense of said maintenance, nor do they: but though thereto requested, at said Hopkinton, on the thirtieth day of October, 1842, by the defendants, did refuse and still refuse: and the said Henry and Eunice say that the said Chase, neither at the time when he married the said Parney, nor at any time afterwards was seized of the said lands with their appurtenances, except by his entry as aforesaid, under and by virtue of the last will and testament of Jonathan Fowler aforesaid. All of which said Henry and Eunice are ready to verify—wherefore they pray judgment, if said Alpheus and Parney shall maintain their action aforesaid, and for their costs."

To this plea there was a general demurrer, and joinder in demurrer.

*Fowler*, with whom were *Smith & Chase*, for the plaintiffs.

The question presented by the demurrer, in this case, is simply whether or not the widow is entitled to dower in land of which

the husband was seized during coverture, that land having been chargeable with the payment of rent or an annuity to a third person.

By the common and statute law of this State, the widow of a deceased husband is entitled to dower in the real estate of which that husband was seized at any time during coverture. Rev. Stat., chap. 165, § 3. Did the lands in controversy pass to Chase Fowler by the will of his father, so that Chase Fowler was legally seized thereof during his life time? We think such must be the construction of the will. The provision made in the will for Hannah Fowler, cannot be construed as a devise of the lands to her for life. It only provides for her annual support from the produce of the lands, and the son takes the lands under the will, subject to an annual contribution for the support of the mother.

Hannah Fowler, by the will, only took a life estate in the south-east foreroom, and so much of the kitchen, chamber and cellar as should be necessary for her use. As to the residue of the lands, she took nothing, except an annual claim for firewood, one third of the produce, the support of her cow, sheep and horse, and the furnishing of a carriage. The very provision that these articles shall be furnished her, shows that the intention of the testator was not to give her a life estate in the lands. This is not therefore the case of legal seizin of a vested remainder as in *Eldridge* v. *Forrestal,* 7 Mass. Rep., 253; *Holbrook* v. *Tinney,* 4 Mass. Rep., 566; *Blood* v. *Blood,* 23 Pick. Rep., 80; and *Fiske* v. *Eastman,* 5 N. H. Rep., 240.

In order to carry into effect the provision for the support of Hannah Fowler, Chase Fowler must have corporeal seizin — actual possession of the premises in which his widow claims dower. He must cultivate and improve them, in order to pay the charge upon them for her support and maintenance. This seizin he took under the will, both legally and actually.

If then, the former husband of one of the demandants, took the lands chargeable with the payment of the annuity to his mother, his widow is clearly entitled to dower. *Moody* v. *King,* 2 Bing. Rep., 447.

Considerable stress seems to be laid, in the plea, upon the allegation that the demandants have not contributed, or offered to contribute, to the payment of the annuity with which the lands are chargeable. It is a sufficient answer to this to say, that the demandants have never been in any situation to be able or liable to make such contribution. They have been, and still are, excluded from the possession of that, from which alone such contribution could or should be made. It is impossible for them to render to the annuitant her share of the produce of the lands claimed in dower, until those lands shall be assigned to them and come under their control. When that shall be done they will take care to fulfil all charges incumbent upon their lands. If they shall not, the annuitant will have her remedy for their neglect.

*Bellows*, for the defendants.

The provisions in the will of Jonathan Fowler for the support of his wife, are a charge upon the land and run with the land. *Shelden* v. *Purple*, 15 Pick. Rep., 529 ; *Jarvis* v. *Butrick*, 1 Met. Rep., 480 ; *Fox* v. *Phelps*, 17 Wend. Rep., 402; *Veazey* v. *Whitehouse*, 10 N. H. Rep., 409.

While the charge remains, the plaintiff, Parney, is not entitled to dower, without an offer to bear a reasonable proportion of the charge. It is like the case of an equity of redemption in lands mortgaged, and there the widow is bound to contribute rateably to the payment of the mortgage debt; 4 Kent's Com. 46; *Bullard* v. *Bowers*, 10 N. H. Rep., 500. In the case of a mortgage, where the person having the right to redeem pays the amount of the mortgage debt, the widow cannot maintain a suit of dower until she has contributed her due proportion of the money thus paid. *Swain* v. *Perrin*, 5 Johns. Ch. Rep., 482 ; *Cass* v. *Martin*, 6 N. H. Rep., 25.

In this case the defendants had supported Hannah Fowler up to the time of bringing this suit, according to the provisions of the will, and so far had discharged the incumbrance on the estate. Whether in doing that, they had expended more or less than the income of the estate does not appear, but until that is

adjusted, and provision made for future contributions, we hold
that the suit of dower cannot be sustained. Until the plaintiffs
have contributed their just proportion of the several items named
in the will, they are not entitled to maintain this suit; especially
as they have absolutely refused to make any contributions.

EASTMAN, J. Chase Fowler, the former husband of the
plaintiff, Parney B. Clough, took the lands in question by devise
from his father, Jonathan Fowler, charged with certain provi-
sions for the support of his mother, Hannah Fowler. These
provisions were a charge upon the land and run with it.
*Veazey* v. *Whitehouse*, 10 N. H. Rep., 409; *Sheldon* v. *Pur-
ple*, 15 Pick. Rep., 529.

Had Chase Fowler died in possession of the lands, his widow
could not have had dower assigned to her, till the provisions of
the will were secured. A probate court would not have ap-
pointed a committee for that purpose, till a proper indemnity was
given to the widow of Jonathan Fowler, as the charge of her
support was upon the whole land. And it would seem that even
were a bond given, that the charge would still rest upon the
land. *Sheldon* v. *Purple*, 15 Pick. Rep., 529; *Gove* v. *Bra-
zier*, 3 Mass. Rep., 523; *Wyman* v. *Brigden*, 4 Mass. Rep.,
150.

But before the decease of Chase Fowler, he conveyed all his
interest in the property to the defendant, Eunice, his sister,
who afterwards married Henry Elliott, the other defendant.
Eunice took the land, subject to the same charges in supporting
her mother, as those which rested upon Chase Fowler; and she
has sustained them. The plaintiffs cannot stand in any better
position than they would have done, had the conveyance not
been made. The pleadings show no support for the widow of
Jonathan Fowler, rendered by the plaintiffs, and none offered.
This, we think, a sufficient answer to the claim. To allow the
plaintiffs to recover, might be, so far as the facts appear, to
place it beyond the power of the defendants to carry out the
provisions of the will.

Upon analogous principles, this view of the case is sustained

by authority. A widow must contribute her due proportion of a mortgage debt before she can have dower in the premises mortgaged. *Gibson* v. *Crehore*, 5 Pick. Rep., 146; *Swain* v. *Perine*, 5 Johns. Ch. Rep., 482; 4 Kent's Com., 46; *Bullard* v. *Bowers*, 10 N. H. Rep., 500; *Cass* v. *Martin*, 6 N. H. Rep., 25.

Before the plaintiffs can maintain an action, there must be security furnished by the claimants, to sustain their due proportion of the burdens chargeable upon the land; or at least an offer to furnish security. There is no hardship in such a requirement. The lands are holden for the fulfilment of the will, and it appears to us more just before awarding the dower, to require the security, than to grant the plaintiffs their claim and thereby, perhaps, subject the widow of Jonathan Fowler and these defendants to bring suits to enforce the provisions of the will upon the plaintiffs.

*Judgment for the defendants upon the demurrer.*