JAMES THOMPSON *versus* CHARLES H. DYER.

Where an administrator of the estate of a defendant, who died during the pendency of the suit, after having represented the estate as insolvent, has appeared in the suit as the representative of the deceased party, it is his duty to have the proceedings in insolvency made to appear upon the record in this Court, in order that the proper judgment may be entered up.

But, if no suggestion of the insolvency or prayer for the stay of execution be made, and a judgment be awarded against the estate of the intestate in the hands of the administrator, and execution be issued in due course, the receipter for the property attached in the original suit, cannot impeach the correctness of such judgment in an action against him upon the receipt.

ON REPORT.

ASSUMPSIT upon a receipt for goods attached on mesne process.

The facts appear in the opinion.

*Madigan*, for the plaintiff.

*Bradbury & French*, for the defendant, cited *Martin* v. *Abbott*, 1 Maine, 333; R. S., c. 66, § § 15, 16 & 17.

BARROWS, J. — On the 24th of August, 1859, the defendant, with one Richard Dunn, a resident of Nova Scotia, gave a receipt to the plaintiff, a deputy sheriff in this county, for

personal property of the value of $200, attached on a writ in favor of Henry M. Hunter against said Dunn, while commorant at Eastport, in which receipt they agreed to keep safely and redeliver to the officer on demand, or within thirty days after judgment in the action of *Hunter* v. *Dunn*, without demand, at said Eastport, all the property thus attached, free of expense to the officer or creditor. The receipt contained, in addition to the foregoing stipulations, the following:—"And we further agree that this receipt shall be conclusive evidence against us, as to our receipt of said property, its value before mentioned, and our liability under all circumstances to said officer, for the full sum above mentioned."

The action of *Hunter* v. *Dunn*, was duly entered in Court, answered to by Winslow Bates, Esq., a counsellor residing in Eastport,—an offer of default for a specific sum was made and not accepted,—and, at the January term, 1861, the death of Dunn was suggested. His attorney, Mr. Bates, who was also public administrator for the county, having taken out letters of administration, January 15, 1861, appeared at the April term following, and was defaulted, and judgment was duly awarded against the estate of the intestate in the hands of Bates, as administrator, and execution was regularly issued, and placed in the hands of the plaintiff, who made demand upon the defendant within thirty days after judgment, and was met with a refusal, and was informed by the defendant that Mr. Bates, the attorney and administrator of Dunn, the defendant in the original suit, told him not to give up the property. Hence this suit, which the receipter claims to defend by showing that, on the 2d of April, 1861, before he had appeared as administrator in this Court, Mr. Bates made a representation of the insolvency of the estate in the Probate Court, and procured the appointment of commissioners, who subsequently reported that no claims were presented, whereupon the administrator closed the estate, by paying his own bill for defending the original suit and the administration charges.

Thompson *v.* Dyer.

The defendant contends that, by these proceedings, the attachment was dissolved, the officer freed from liability either to creditor or debtor for the property attached, and, in consequence, that he himself is no longer liable on his contract to the officer.

If it be true that the officer is relieved from liability to any person for the property attached, the contract being substantially one of indemnity, it may perhaps follow that he is not entitled to maintain this action, notwithstanding the stipulation that the receipt should be conclusive, against the signers, of their " liability, *under all circumstances*," for the value of the property.

The question that presents itself here, is whether an attachment in a suit pending against a debtor at the time of his death, is vacated by a representation of insolvency and the appointment of commissioners in the Probate Court, *when these proceedings are not made judicially to appear in the suit in which the attachment is made?*

The defendant relies upon § § 15 and 17 of c. 66, R. S., providing that judgment may be rendered in actions pending on claims not preferred against persons whose estates shall be represented insolvent, with a particular effect, and to be satisfied in a certain manner, viz. : no execution shall issue except for costs to the prevailing party, and the sum found due to the claimant is to be entered by the Judge of Probate on the list of contingent debts entitled to dividends.

The defendant relies further upon cases where it has been adjudged in the original suit, either upon disclosure of a trustee summoned, or upon motion of the administrator defending, for stay of execution, that where the insolvency of the estate was made to appear by the issuing of a commission in the Probate Court, the attachment was thereby dissolved, and judgment could only be rendered with the effect an satisfided in the manner above stated. Doubtless this is so. The difficulty is, that this was not the kind of judgment that was entered up in the suit of *Hunter* v. *Bates, Adm'r.* The case finds that judgment was awarded against the estate

of the intestate Dunn, in the hands of the administrator, and execution issued in due course, no suggestion of the insolvency, or prayer for the stay of execution, having been made.

We are clear that the defendant in this suit cannot be permitted here, and now, to impeach the correctness of that judgment and the proceedings thereon, in this collateral manner. It was the duty of the administrator, on appearing, (if he had represented the estate insolvent,) instead of submitting to a general default, to have the proceedings in insolvency in Probate Court made to appear upon the record here, so that the right judgment might be entered up. In the face of a judgment standing as this does, neither he nor any other party can be permitted to dispute the propriety of it in any collateral proceeding.

It was long ago settled that, although an estate had been represented insolvent and actually proved to be so, yet, if the creditor had been permitted, notwithstanding this, to proceed to judgment in a pending suit, in the usual form, a levy upon the execution would bind the estate, even though the attorney of the creditor knew of the representation of insolvency. *Ramsdell* v. *Creasy*, 10 Mass., 170.

And again, in case an execution, regularly issued upon a judgment obtained under like circumstances as to insolvency, is returned *nulla bona*, the administrator cannot escape a judgment and execution *de bonis propriis* by setting up the proceedings in insolvency in defence of the *scire facias* against himself. *Sturgis* v. *Reed, Adm'r*, 2 Maine, 109.

Now, the original suit of *Hunter* v. *Dunn*, in which the property, for which the receipt was given, was attached, proceeded regularly to judgment and execution, and the execution was duly placed in the plaintiff's hands to be satisfied out of the property which he had attached. His liability to the creditor was thereby fixed, and the receipter, in *his* turn, must make good the contract of indemnity. Or if, by reason of the assent of the creditor's attorney to the taking of a receipt and his approval thereof, the officer was re-

lieved from personal responsibility, the creditor, standing in his place, may pursue the receipter in his name, unimpeded by any suggestions which can be made available only by attacking the judgment in the original suit. .

The plaintiff's objections to the reception of the evidence, as to the proceedings in the Probate Court, should have been sustained.                   *Defendant defaulted.*

APPLETON, C. J., KENT, WALTON, DICKERSON and DAN-FORTH, JJ., concurred.