WILLIAM WYMAN *versus* HENRY L. FOX & al.

Sections 13 & 43 of c. 76 of the R. S., contain no exception in favor of insolvent estates.

Hence, if an administrator of an estate represented insolvent assume the defence of an action pending against his intestate, and neglect to suggest the insolvency upon the record, the execution issued upon the judgment recovered against the administrator may be legally levied on the real estate of the intestate fraudulently conveyed by him.

BILL IN EQUITY, heard on demurrer.

The bill substantially alleges that, on the 13th of May,

1856, long before and ever since, the complainant was a creditor of one Amos Wyman, deceased, and whose estate was rendered insolvent; that, at the March term of this Court, in and for this county, he recovered judgment and execution against the estate of the deceased for $772,83, debt, and $94,32, costs; that, on May 25, 1865, he caused the execution to be duly satisfied by a levy on two pieces of land [described] in Hallowell, which were duly set off to complainant and possession thereof duly given to him.

It further alleges that, on May 13, 1856, Amos Wyman was the owner of said pieces of land, and, on that day, conveyed them to his wife, Charlotte Wyman, one of the respondents, without any consideration, and with intent to defraud his creditors, and especially the complainant, all which was fully known to said Charlotte at the time; that, on June 15, 1858, said Amos and Charlotte joined in a conveyance of the same premises to Henry L. Fox, brother of said Charlotte, the other respondent, without any consideration paid by said Fox, and with the intent on the part of all three of the parties to defraud the creditors of the said Amos, said Fox having full knowledge of the fraudulent character of the conveyance from said Amos to his wife.

The prayer of the bill was for a decree that the respondents release all their right to said premises to the complainant, and for other relief.

The respondents demurred generally.

*A. G. Stinchfield,* in support of the demurrer.

*J. Baker, contra.*

Kent, J. — The material facts, as we gather them from the bill, although stated somewhat indefinitely, are these, — that the complainant recovered judgment against the estate of Amos Wyman, after his death, and after a representation of insolvency, and after the appearance of the administrator in the suit; that afterwards, the execution was levied on the real estate, which, as alleged, had been conveyed by

said Amos in fraud of his creditors, the complainant at the time being one ; that the subsequent grantee had knowledge and joined in the fraudulent intent.

This bill is brought to set aside that conveyance and compel a release of all right in the land to the complainant.

By c. 76, § 43, R. S., it is provided that " the real estate of a deceased person may be taken for the payment of his debts, by an execution issued on a judgment recovered against his executor or administrator, and levied on, sold and redeemed, as if taken in his lifetime." By § 13 of c. 76, it is provided that a levy may be made on land fraudulently conveyed by a debtor. This right to levy seems to be the same, and to be enforced by levy, in the same manner as if no conveyance had been made. The theory of the law is, that the fraudulent conveyance is no transfer of the title against creditors.

There is no exception, in the language of these sections, in favor of an insolvent estate. The right to levy is given whenever an execution has been issued on a judgment against an executor or administrator. This, at first view, seems at variance with the other provisions of the law in relation to distribution of insolvent estates. The intent of those provisions is plain — to make an equal distribution of all the estate among the creditors not preferred. It would seem to be inconsistent with this purpose to authorize a levy by a creditor, on an execution recovered against an administrator, after a representation of insolvency.

But, upon a careful comparison of all the provisions in the various statutes on the subject, we shall find that there is no conflict. After reading c. 66, which provides the mode of ascertaining the claims against an insolvent estate, in suit or otherwise, we at once ask in this case, why did this execution issue? It is expressly provided that, after a representation of insolvency, and appointment of commissioners, no execution (except for costs) shall issue in any case against the executor or administrator, but the claim allowed by commissioners, or by a verdict, or judgment of

court, shall be certified among the list of claims allowed, for a dividend.

In this case, for some reason, an execution did issue for the debt and costs. It was the duty of the administrator to have prevented this, by a suggestion on the record of the insolvency. If he did not, and no such suggestion was made to the Court, there was no legal reason why execution should not issue as it did. The statute says such an execution may be levied on the real estate of the deceased. It may be waste or misfeasance on the part of the administrator, for which he may be answerable on his bond. But, as the record stood, the execution was properly issued. It is the plain duty of the personal representative, after he has appeared in the action, to see that all the rights of the estate and of other creditors are protected, by interposing the fact of insolvency. The lawmakers presumed he always would do this, and therefore made no exception, in the provision first quoted, in favor of an insolvent estate.

The execution having thus regularly issued, could it be levied on the land so as to give title, irrespective of the insolvency? This question was raised and decided in *Sturgis* v. *Reed*, 2 Greenl., 109.

In that case, the administrator, after a representation of insolvency, and after appearance in the suit, allowed judgment to be rendered without interposing the fact of insolvency, — but afterwards obtained an adjudication of the Court that the execution be set aside, as having been improvidently issued. Yet, on *scire facias*, on suggestion of waste for an execution *de bonis propriis*, it was granted on the ground that the administrator had neglected his duty, in not preventing the issue of the execution, — as he might have done. In giving the opinion of the Court, C. J. MELLEN, in illustrating the proposition, says :—" Suppose that in this case the execution had been in due form extended on the real estate of the deceased intestate, and regularly recorded in the registry of deeds ; and that instead of this *scire facias* the plaintiff had brought a writ of entry to obtain the pos-

session, would the present plea, stating that the Court had set aside the execution, for the above reasons, long after the extent was completed, be a bar to such action? The question admits of but one answer. For the same reason we think the plea is bad when offered in bar of this action."

The same principle governed the decision in *Clark* v. *May*, 11 Mass., 233.

It seems therefore clear that a levy, if properly made, on an execution thus issued, is legal and effectual. It can be made as if taken in the lifetime of the debtor. c. 76, § 43. And, by § 13 of same chapter, it is provided that a levy may be made on land fraudulently conveyed by a debtor, and the momentary seizin obtained by the levy is sufficient to enable the creditor to maintain his claim for its recovery from a fraudulent grantee.

This result is sustained by the cases before cited, and by *Ramsdell* v. *Creasy*, 10 Mass., 170, and *Frost* v. *Ilsley*, 54 Maine, 348. In the latter case it is said that, if the administrator neglects to make the representation of insolvency on the record of the court, in the action, and execution is regularly issued, in due course, a levy under it, upon the property of the deceased, would be sustained, and the administrator held personally liable for waste.

The bill does not disclose any attachment, and therefore the question does not arise whether an attachment of real estate is dissolved by a representation of insolvency, under existing statutes. The rights of the parties, as presented, depend upon the levy. *Demurrer overruled.*

*Defendants to answer.*

APPLETON, C. J., WALTON, BARROWS and DANFORTH, JJ., concurred.