JOHN L. TRACY *vs.* MADELINE STRASSEL.

Suffolk.　January 26, 1906. — March 5, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & SHELDON, JJ.

*Execution. Executor and Administrator. Attachment.*

Under our statutes one who obtains an execution on a judgment against an executor or administrator on a debt of the deceased can levy on real estate of the deceased standing in the name of a purchaser from an heir or a devisee.

The release of an attachment of real estate by a plaintiff does not impair his right to levy execution on the same real estate either before or after the death of the defendant.

WRIT OF ENTRY, dated November 12, 1903, to recover certain real estate in that part of Boston called South Boston.

At the trial in the Superior Court *Hardy,* J. refused to order a verdict for the demandant, and ordered a verdict for the tenant. The demandant alleged exceptions.

*J. E. Macy,* for the demandant.

*J. F. Sullivan,* for the tenant.

KNOWLTON, C. J.　This is a writ of entry to recover land in Boston. The demandant claims title by virtue of a levy and sale on an execution issued upon a judgment recovered against the administrator of the estate of Martha S. Parker on a debt against her for which he brought suit in her lifetime. She was the owner of the real estate at the time of her decease, and the tenant's title is derived from a conveyance made to one Mahoney by a quitclaim deed from her husband and daughter after her decease and a similar deed subsequently given by Mahoney to the tenant. When the action was brought by the demandant against Martha S. Parker, an attachment on mesne process was put upon this real estate, which subsequently was released in her lifetime by the plaintiff's attorney.

Under the R. L. c. 178, § 53, " Land of a deceased person may be taken on execution on a judgment against his executor or administrator for the debt of the deceased, . ·. . in like manner as if execution had been levied against the deceased in his lifetime." This statute was considered at length in *Gore* v. *Brazier,* 3 Mass. 523, in an opinion by Chief Justice Parsons, and it was

held that it authorized a levy which would give a good title to the execution creditor of a deceased person, even though the land was in the hands of an alienee of the heir or devisee of the testator or intestate. This decision was reaffirmed in *Wyman* v. *Brigden*, 4 Mass. 150, and *Bigelow* v. *Jones*, 4 Mass. 512. The only modification of it which has since been made by statute is that, while this rule was held applicable, even when the land had been sold by a residuary legatee who had given bond as executor to pay all debts and legacies of the deceased, the Rev. Sts. c. 63, §§ 3, 4, St. 1857, c. 88, and the subsequent revisions of our statutes provide that the giving of such a bond shall discharge the lien upon real estate of a testator for the payment of his debts, as to such of it as has been sold by the executor to a purchaser in good faith for a valuable consideration. See R. L. c. 149, § 2. In each of these statutes there is an express provision that "all property not so sold may be taken on execution by a creditor not otherwise satisfied, in like manner as if a bond had been given in the other form." This of course would include property sold by legatees other than the executor and residuary legatee.

That this lien of an execution creditor upon real estate of a deceased person exists against alienees, as well as heirs and devisees, is further recognized in R. L. c. 178, § 54, which gives a right of redemption not only to the executor, administrator, heir or devisee of the deceased, but also to any person lawfully claiming under him or them. This section also provides that, after such a redemption, the property "shall not be again taken on execution for any other debt of the deceased, nor be in any way liable therefor." This is an implication that, until such appropriation to the payment of debts, it is liable for any of the deceased person's debts, whether the land is held by an heir or devisee or by a purchaser.

We think it plain that our statutes give a right to proceed against the real estate of a deceased person, not only to the executor or administrator by obtaining a license to sell for the payment of debts, but also to any one who obtains an execution on a judgment against the executor or administrator, and that this right may be enforced against purchasers from heirs or devisees.

It is not contended that the time which elapsed between the bringing of the original action and the recovery of judgment was enough to affect the demandant's rights. The tenant does contend, however, that the demandant was estopped from levying his execution upon the real estate by his release of the attachment on mesne process. This contention is not well founded. The right to take the real estate on execution did not depend upon the existence of an attachment on mesne process. If the attachment had not been released, it would have been dissolved by the death of the defendant, if an administrator had been appointed within a year. R. L. c. 167, § 112. In most cases attachments existing at the time of the death of defendants are dissolved under this statute, but if such a case goes to judgment against the administrator, and an execution is issued, the execution may be levied on the real estate left by the deceased person, although there is no attachment.

The release of an attachment by a plaintiff has no greater effect than the dissolution of it under this statute, and a release of an attachment never affects the right to levy an execution upon any property which is subject to be levied on when the execution is served.

*Exceptions sustained.*