### HEMAN LAFLIN *vs.* GEORGE C. CROSBY.

The sale on execution, under the Gen. Sts. *c.* 103, § 39, of the judgment debtor's "right
of redeeming mortgaged land " does not pass any interest, not covered by the mortgage,
which he has in the land, and of which he retains the legal title.

A judgment debtor, owning the fee of land, mortgaged a life estate. His right
of redeeming the mortgaged premises was taken and sold on execution, under the
Gen. Sts. *c.* 103, § 39. *Held*, that the sale did not cover his reversion in fee after the
life estate.

WRIT OF ENTRY. Plea, *nul disseisin.* In the superior court,
the facts were agreed in substance as follows :

On February 9, 1856, the tenant, being owner in fee of the
demanded premises, executed to Elizabeth D. Sedgwick the
mortgage thereof which was the subject of the action of *Sedg-
wick* v. *Laflin*, reported 10 Allen, 430, in which it was adjudged
that " the estate granted by this mortgage terminated with the
life of the mortgagee," who died September 9, 1862.

" On June 17, 1861, upon an execution in favor of John O.
B. Ford, executor of the will of John O'Brien, the right in equity
of said Crosby was duly sold to said Ford," and " a deed of
said right in equity was duly made [to Ford] by the officer who
made the sale," " and said Ford had and took no possession of
said premises except such as he had acquired by virtue of said
deed, execution and sale thereon."

" On July 13, 1861, said Ford made, executed and delivered his deed of the premises to the demandant;" and the demandant " on April 7, 1867, made a formal and peaceable entry upon the said premises, claiming to be the owner thereof; said entry being made in the absence of the tenant Crosby, and without his knowledge or consent. And said Crosby has occupied the premises from the time of giving said mortgage to the bringing of this action, claiming possession."

Judgment was ordered for the demandant; and the tenant appealed.

*I. Sumner & J. Dewey, Jr.*, for the demandant.

*H. C. Joyner*, for the tenant.

HOAR, J. The question what constitutes the equity of redemption of a mortgage of an estate for life, when the mortgagor owns the reversion in fee, which must be settled in order to determine what may be sold to satisfy an execution against him, is a new one in this Commonwealth. The demandant contends that all the estate in the land remaining in the mortgagor may be lawfully sold; while the tenant claims that it is only the equitable interest in the precise estate mortgaged which the statute provides for appropriating in this manner to the satisfaction of the debt.

The general mode of appropriating the land of a debtor to the payment of the debt is by a levy upon it in the mode prescribed in Gen. Sts. c. 103. The first section of the chapter makes that method applicable to " all the lands of the debtor in possession, remainder or reversion, and all his rights of entry into lands and of redeeming mortgaged lands." The provision for a sale is in § 39, and is as follows : " All rights of redeeming mortgaged lands mentioned in section one, may, if the creditor prefers it, be sold on the execution in the manner hereinafter provided."

On a careful consideration of this provision, the court are all of opinion that by the phrase " the right of redeeming mortgaged lands " is meant the debtor's equitable interest in the estate which is mortgaged; and that any interest which the debtor has in the lands, and of which the legal title remains in

him, not covered by the mortgage, can only be taken by a levy in the usual mode, and is not the subject of a sale

It is obvious that, if the debtor owns a tract of land, and mortgages a part of it, the rest of the land, not covered by the mortgage, cannot be sold as constituting a part of his equity of redemption. In the case at bar, by mortgaging an estate for life, he has divided his estate into two parts — a life estate, and a reversion. His reversion is not covered by the mortgage, and therefore his title to it is not an equity of redemption. His reversion remains the same, and is not affected by whatever happens to the mortgage. If the mortgage should be foreclosed, he would not be deprived of it. If he should convey his whole equitable interest in the life estate which he had mortgaged, the purchaser of that interest alone could redeem the mortgage, and the owner of the reversion could not interfere to prevent a foreclosure. A release by the mortgagor to the mortgagee of his equity of redemption would only give the mortgagee an absolute title to the life estate, and would pass no interest in the reversion. We therefore think that the sale of the equity of redemption of the mortgaged life estate gave no interest in the reversion ; and, the life estate having expired, the equity of redemption expired with it, so that the demandant has no title on which he can maintain his suit.

*Judgment for the tenant.*