## SAMUEL W. HAYWARD *vs.* JANE CAIN.

A sheriff's deed of land sold under an execution is not invalid merely because its recitals fail to show from what court the execution issued.

The Gen. Sts. *c.* 103, § 48, do not debar the purchaser of an equity of redemption, sold on execution against the mortgagor, from disputing the title of one who is in possession of the land claiming by virtue of a fraudulent sale under a power in the mortgage, although said purchaser has not brought suit to recover possession of the land within a year after his purchase.

Land was conveyed to A. by a deed reciting that the consideration was paid by A. and his wife, and A. mortgaged the property back to the seller, to secure his note for one third of the consideration, by a deed in which his wife released dower and homestead. A.'s equity of redemption was attached in a suit against him, sold on execution and bought by the judgment creditor. After the attachment, but before the sale on execution, the mortgage was assigned to A.'s wife. After the sale, the creditor gave notice to the wife, who was in possession of the land, of his desire to redeem the land from the mortgage, and demanded an account of rents. On a bill in equity by the creditor to redeem the land from the mortgage, a master, to whom the case was referred, found that one half of the money consideration was paid by A., and one half was separately paid to the seller by A.'s wife out of her separate property; that the seller, A. and his wife all understood that

the deed was to be made to A. and his wife jointly; that it was made to A. alone by a mistake, of which the wife remained ignorant; that A. was imprisoned from about the time of the attachment, and his wife remained in possession of the land, occupying part and letting part. *Held*, on these facts, that there was a resulting trust in favor of the wife in half of the land subject to the mortgage; that the recital of the payment of consideration in the deed was notice to the creditor of this trust; that the creditor could redeem an undivided half of the land upon paying half of the mortgage debt; that in computing the interest on the mortgage annual rests should be made; and that the rent should be applied in keeping down the mortgage and interest at least from the time of the creditor's notice and demand, although not before the date of the sale on execution.

BILL IN EQUITY, filed January 21, 1871, to redeem from a mortgage a parcel of land in Milford. The case was referred to a special master, who made a report substantially as follows:

Samuel Walker, by deed dated September 17, 1866, and purporting to be "in consideration of twenty-four hundred dollars, paid by Barnard Cain, and Jane Cain, wife of said Barnard," the receipt whereof was acknowledged, did "give, grant, bargain, sell and convey unto the said Barnard Cain, his heirs and assigns," the land in question. By a deed of even date and executed the same day Barnard Cain mortgaged the premises to Walker to secure the payment of his own note for $800, and the defendant, Jane Cain, in the same deed, released her right of dower and homestead.

The consideration paid for the land, besides this mortgage, was $800 in hand, the property of Barnard Cain, and $800, the proceeds of United States bonds or treasury notes. The master found, on evidence which he reported at length, but which it is not necessary particularly to state, that the defendant paid of her separate money towards the purchase of these bonds and notes the sum of $620, and that her husband furnished the balance, $180; "that from the time the bonds were purchased until they were sold, they were in the custody and possession of the defendant, and she claimed them as her separate property; that when the land was purchased of Walker she sold the bonds, obtained $800 therefor in money or its equivalent, and herself paid it over to Walker's agent as part of the consideration of said purchase; that at the time of the conveyance it was understood by the defendant and her husband that the land should be conveyed to them jointly; that it was so understood by the agent of Walker

who negotiated the sale in his behalf, and gave the directions concerning the making of the deed; that the omission to insert her name as joint grantee was the result of mistake or misunderstanding on the part of Walker's agent or the person who was employed to make the deed; and that she did in fact suppose the conveyance was to her and her husband jointly."

Walker assigned the mortgage to Patrick Morgan in September 1869, who in October 1869 sold and conveyed the land under a power in the mortgage deed for breach of condition, to John Smith; and Smith on January 4, 1870, conveyed it to Morgan, who on the same day conveyed it to the defendant, and also assigned to her the mortgage. This sale under the power and the subsequent conveyances the master found, on evidence which it is not necessary to state in detail, to be fraudulent, and intended to deprive the plaintiff of his attachment, hereinafter mentioned.

In 1868 the plaintiff attached the land in a suit against Barnard Cain; on December 2, 1870, he recovered judgment in this suit for $1880.25 damages and $96.65 costs; execution issued thereon December 5, 1870; all the right in equity of Barnard Cain in the land was taken on December 10, 1870, and on January 13, 1871, was sold at public auction to the plaintiff; and the sheriff executed a deed of that date to the plaintiff, which recited that he had taken the land " by virtue of an execution issued upon a judgment, recovered at the November term A. D. 1870, by Samuel W. Hayward against Barnard Cain," for $1880.25 damages and $96.65 costs. This deed was recorded, but neither the execution nor the officer's return thereon was recorded. At the time of the levy the defendant was in possession of the premises claiming title, and the plaintiff has brought no suit against the defendant to recover possession thereof, except the present one. $200 of the principal and $83 interest have been paid on the mortgage.

On January 19, 1871, the plaintiff gave the defendant notice that he was the owner of the premises, and desired to redeem them from the mortgage, and called upon her for an account of the rents and profits.

On November 23, 1868, Barnard Cain was arrested for crime, and has ever since that time been in jail or prison. At the time of his arrest he occupied part of the premises with the defendant and leased the remainder. Since his arrest, the defendant has occupied part of the premises, and leased the remainder. The master found that in computing interest on the mortgage annual rests should be made; that the plaintiff was entitled to have the rents applied annually to payment of the interest; and that there was due upon the note $502.22, on September 13, 1872.

The defendant contended that the sheriff's deed was insufficient; and that the levy was void, because no suit had been brought by the plaintiff within a year, as the Gen. Sts. c. 103, § 48,* require.

The plaintiff excepted to the finding of the master that the defendant paid $620 of her separate money towards the purchase of the bonds and notes.

The case was reserved by *Gray*, J., upon the pleadings, master's report and the exception thereto, for the determination of the full court.

*T. L. Nelson*, for the plaintiff.

*H. B. Staples*, for the defendant.

WELLS, J. The objection made to the proof of the plaintiff's title, that the recitals in the sheriff's deed do not show from what court the execution, upon which the sale was made, issued, and therefore do not show a competent legal authority to make the sale, cannot prevail. The execution and return thereon supplied the deficiency. *Welsh* v. *Joy*, 13 Pick. 477.

The provision in Gen. Sts. c. 103, § 48, applies to cases where the record title is in a third person through the fraud of the debtor against his creditors. It does not apply to this case.

---

* "When the execution is levied on lands or rights, the record title to which fraudulently stands in the name of a person other than the debtor, in either manner mentioned in section one, and such other person is in possession claiming title thereto, the levy shall be void unless the judgment creditor to whom the land is set off, or the purchaser of the right of redemption, as the case may be, commences his suit to recover possession thereof within one year after the return of the execution."

Upon the facts reported by the special master, the defendant cannot avail herself of the pretended foreclosure and sale under the mortgage. If not void at law, it will be disregarded in equity.

It is clear, upon the report, that the defendant, by an advance of her own money, separately from her husband, furnished one half of the consideration money paid at the time of the purchase, for one half interest in the property. The money so advanced by her was the proceeds of bonds or treasury notes of the United States which she had previously held as her own separate property. The evidence was such as to warrant the conclusion of the master that those bonds were bought mainly with her own money; and that whatever was obtained from her husband for their purchase was thus appropriated with his consent or acquiescence, so as to make it hers. Beyond that, the arrangement of the payments, at the time of the purchase of the land, was a full recognition of her separate interest in the money so advanced by her.

This distinct and significant circumstance of the payment of aliquot parts of the purchase money by each separately is the controlling feature of the transaction. We do not think the fact that the parties to the purchase were husband and wife, since the recent statutes securing to the wife her separate rights of property, should prevent the application of the well settled general principle that a trust results from such a transaction to one who is the real purchaser. Such a trust may be enforced by one of two joint purchasers against the other, who received a deed of the whole title. *Powell* v. *Monson & Brimfield Manuf. Co.* 3 Mason, 347, 364. *Root* v. *Blake,* 14 Pick. 271. And the husband may be held as trustee for the wife, upon such an implied or constructive trust. *Methodist Episcopal Church* v. *Jaques,* 1 Johns. Ch. 450. *Dickinson* v. *Codwise,* 1 Sandf. Ch. 214.

Taking the deed to the husband alone, and giving a note, for one third of the purchase money, signed by him alone, secured by mortgage which the wife signed to release dower and homestead, if so intended and fully understood by them, would be circumstances which might lead to some doubt as to their real purpose in regard to the property. The report finds, however, that

the deed was so made contrary to the understanding and inten-tion of all the parties, as " the result of mistake or misunder-standing on the part of Walker's agent, or the person who was employed to make the deed." The form of the note and mort-gage naturally followed that of the deed. It is not, in any as-pect, inconsistent with the defendant's claim of a trust as to one half of the land, subject to the mortgage ; and, as it was a part of the same transaction with the deed, the inference to be drawn from the report is that it was the result of the same misunder-standing. Its significance, therefore, is unimportant.

As payment of the purchase money indicates and may create a trust, the recital of such payment in the deed is notice of such trust, sufficient at least to put a subsequent purchaser upon in-quiry, and to protect against attachment. *Bancroft* v. *Consen,* 13 Allen, 50. *Sturtevant* v. *Jaques,* 14 Allen, 523. *Shaw* v. *Spencer,* 100 Mass. 382.

The point of greatest difficulty to our minds has been whether the trust to be declared in favor of Mrs. Cain should be for one undivided half of the estate, subject to the mortgage ; or for such an interest as she would have taken under a deed to herself and husband jointly. Between others than husband and wife, a joint tenancy, if it existed in fact, would be severed by levy and sale on execution of the interest of one. Gen. Sts. *c.* 103, § 9. And in the enforcement, between joint purchasers, of a trust arising from payment of part of the purchase money by each, courts of equity ordinarily treat their interests as severable for the pur-poses of relief, even in cases where they would be joint tenants if they held the legal title in manner corresponding to their bene-ficial interests. 2 Story Eq. Jur. § 1206. *Wray* v. *Steele,* 2 Ves. & B. 388. *Lake* v. *Craddock,* 3 P. Wms. 158.

We think the same rule may well be applied in this case, and that it will best accord with the policy of the recent statutes se-curing to the separate use of the wife her own rights of property. The trust arises from payment of the purchase money. Her share was not only derived from her separate property, but was separately paid as an aliquot part of the consideration. The pre-sumption is that it was paid for the purchase of a corresponding

interest in the land. It is true that if the deed had been made to them jointly, as the master reports it was their understanding that it should be, it would have created an estate in them which would have been incapable of severance; *Wales* v. *Coffin*, 13 Allen, 213; because that is the legal construction of such a deed; and the circumstances of the purchase would not be admissible to show a different intent. But all the facts are now open for the consideration of the court; and they show, as we think, a purpose that the wife should have her own interest in the purchase represented by an undivided share, rather than a mere right of survivorship. The finding of the master that it was understood by them that the premises "should be conveyed to them jointly," we understand to be made in reference to the question whether it was intended that the husband should take the whole title, rather than to the precise form in which the two were to take it together.

We think, therefore, that in protecting the interest of the wife as a trust, against a purchaser of the interest of the husband upon execution, we ought to regard it as attaching to one undivided half of the land, subject to the mortgage. *Hall* v. *Young*, 37 N. H. 134.

This equitable title of the defendant is available to her as a defence, *pro tanto*, to this bill to redeem. *Blodget* v. *Hildreth*, 103 Mass. 484.

The plaintiff may redeem one undivided half of the premises upon payment of one half of the amount due upon the mortgage. It does not appear whether the $200 of principal and $83 interest were paid from the rents of the premises, or by the husband or wife. But no point is made here in regard to the computation of the debt, and there is no exception to the finding of the master as to the amount due on the mortgage after deducting rents. The only questions open on this part of the case are those raised by the form of the report.

We think the defendant, occupying as wife of Cain, and herself entitled to the use of the premises as against all others, independently of the mortgage, is not bound to account for the rents from an earlier date than that of the deed to the plaintiff, January

13, 1871; and she would be, at least, from the date of the notice and demand, January 19, 1871. The difference probably would be of no importance in the result.

The master is undoubtedly right in making annual rests. His computation is therefore to be taken as correct.

Modifying the result by the interest and rents since September 13, 1872, the plaintiff may redeem an undivided half of the land upon payment of one half of the debt. No costs for either party.

*Decree accordingly.*