WILLIAM C. WIGHT *vs.* BARNSTABLE SAVINGS BANK.

Middlesex.  Jan. 11. — Sept. 5, 1877.  MORTON, ENDICOTT & SOULE, JJ., absent.

If the owner of a mill holds it in fee simple at the time of the institution of a complaint for flowing land, under the Gen. Sts. *c.* 149, and mortgages it pending the proceedings, a levy and sale on execution, issued on a judgment recovered on such complaint, which describe the interest taken and sold as an equity of redemption, pass no title.

WRIT OF ENTRY, dated July 17, 1875, to recover possession of a mill in Holliston, with the water privilege and land required for its use.  Plea, *nul disseisin.*

The case was submitted to the Superior Court, and, after judgment for the tenant, to this court, on appeal, on an agreed statement of facts, the substance of which appears in the opinion.

*H. E. Fales,* for the demandant.

*J. M. Day,* for the tenant.

COLT, J.  Both parties in this case claim title under Henry H. Packer; the tenant, by mortgage of February 24, 1872, under a power contained in which the land was sold on May 28, 1874; and the demandant, by a sale on an execution issued on a judgment recovered for past damages on a complaint for the flowing of land by this same mill.  The complaint was instituted on May 24, 1869.  Judgment was recovered on June 19, 1873, on an award for past damages, by which was also ascertained what sum would be reasonable for future annual damages, and what in gross for the right of using the dam forever.  Execution was issued for the past damages on July 19, 1873, and a levy was made on the same day, which after many adjournments was completed on May 27, 1874, by a sale to the demandant of an equity of redemption, which only, according to the officer's return, Packer had in the premises at the time of the institution of the original complaint.  The execution was returned satisfied by the sale.

It is contended by the demandant, that a lien upon the demanded premises for the amount of his judgment for past damages is created by the mill act, and that this lien he has a right to enforce under a levy made within thirty days after judgment,

in the manner provided for the sale on execution of rights to redeem mortgaged real estate. Gen. Sts. c. 149, §§ 18, 20, 24–27.

It is not now necessary to pass upon the validity of this claim, for, assuming that the construction of the statute contended for by the demandant is the true construction, yet it is plain that the levy of the execution upon "the premises so subject to the lien," must correctly describe the judgment debtor's interest in the estate taken.

It is agreed that in 1869, at the time when the original complaint was instituted, Packer, the respondent therein, was the owner in fee of the demanded premises; and yet the officer declares, in his return on the execution, that he seized and sold to the demandant all the right in equity of redeeming certain mortgaged real estate which Packer had on May 24, 1869, the time of instituting the original complaint. It does not distinctly appear in the return whether the sale on execution was for the purpose of enforcing a lien, or only to satisfy the execution by an ordinary levy on property attached. If it was the latter, then the difficulty is, that on the day above named there was no mortgage on the premises and no equity which could be taken. The mortgage, under which the tenant claims, was given after that time and before the levy of the execution, and the tenant's title is now good if the sale is to be considered subject to that mortgage; and besides there is no provision of law by which the property may be attached upon a complaint under the mill act. *Capen* v. *Doty*, 13 Allen, 262. *Grover* v. *Flye*, 5 Allen, 543. *Gardner* v. *Barnes*, 106 Mass. 505.

If the sale was of premises subject to the lien, for the purpose of enforcing it, then it was a sale of an equity which did not exist at the time when it is claimed the lien attached, and is therefore void. The statute provides that the execution may be levied on the premises subject to the lien, and that the officer may proceed to sell the same or so much of the same as is necessary to satisfy the execution and all charges of levying it. He is not required to sell more of the estate than is necessary, but he must sell such estate as is subject to the lien. If it be an absolute estate in fee simple, he cannot sell an equity of redemption which did not exist and to which the lien did not attach. Gen. Sts. c. 149, § 26.

The lien, therefore, under which the demandant claims, if there was any in his' favor, was not perfected by a valid sale on execution, and the tenant's title remains unaffected by it.

*Judgment for the tenant.*