WILLIAM DEWEY *vs.* HENRY A. TOBEY.

Berkshire. Sept. 10, 1878. — Jan. 1, 1879. AMES & SOULE, JJ., absent.

If a levy of an execution is made on the land of a debtor who is absent from or not a resident of this state, a statement in the return of the officer that one of the appraisers was appointed by a person "who claimed to act as the authorized agent of" the debtor is insufficient, although the return states that the officer had caused three disinterested and discreet men to be sworn as appraisers, and sets forth the residence of the debtor in another state, and that he had no attorney in this state to the knowledge of the officer.

WRIT OF ENTRY, dated February 10, 1877, to recover a parcel of land in Alford. Plea, *nul disseisin.*

At the trial in the Superior Court, before *Rockwell*, J., without a jury, it was admitted that the demandant had formerly been owner of the demanded premises, and was entitled to maintain this action unless the tenant had a valid title to the demanded premises under the levy of an execution thereon in favor of the tenant against the demandant.

The demandant put in evidence the execution; the certificate of the officer that "Nicholas Race, Frederick Fitch and Ezra C. Ticknor made solemn oath that they would faithfully and impartially appraise such real estate as should be shown to them, as taken by force of this execution;" the certificate of the appraisers, which began as follows: "We, the subscribers, having been first duly chosen and sworn, as above certified;" and the return of the officer, dated December 7, 1870, which set forth that on that day he seized the real estate described, "and caused

three disinterested and discreet men to be sworn as appraisers as above, to wit, Nicholas Race, who was appointed by the within named Henry A. Tobey, the creditor, Frederick Fitch, who was appointed by William Stoddard, who claimed to act as the authorized agent of the within named William Dewey, the debtor (the said debtor having removed to the State of New York, and having no attorney within this state to my knowledge,) and Ezra C. Ticknor, who was appointed by me, and the said Nicholas Race, Frederick Fitch and Ezra C. Ticknor, having been first duly sworn faithfully and impartially to appraise such real estate as should be shown to them, as taken by force of this execution, and the real estate above described, in three separate parcels, in the foregoing certificate of said appraisers, which is to be referred to for a description, having been so shown to them and to me by the said Henry A. Tobey as the estate of the said William Dewey, proceeded with me to view and examine the same so far as necessary to form a just estimate of its value, and appraised the whole of the three separate parcels of land at the sum of $1154.97;" and that he levied the execution upon said real estate, and delivered seisin and possession thereof to said Tobey, in full satisfaction of the execution.

The demandant contended that the levy was defective and invalid, because the officer in his return stated that an appraiser "was appointed by William Stoddard, who claimed to act as the authorized agent of the within named William Dewey, the debtor;" that to justify the officer in allowing Stoddard to make such appointment, the return of the officer should have stated positively the agency of Stoddard; and that it did not appear from the return that Stoddard had authority to choose an appraiser for the debtor, or was his agent or attorney for that purpose. The judge so ruled, and found for the demandant; and the tenant alleged exceptions.

*J. Dewey*, for the tenant. 1. An officer's return ought to receive a reasonable construction in accordance with the presumption that the officer has done his duty. *Blanchard* v. *Brooks*, 12 Pick. 47. *Ufford* v. *Dickinson*, 12 Allen, 543. *Herring* v. *Polley*, 8 Mass. 113. *Russell* v. *Hook*, 4 Greenl. 372. *Dodge* v. *Farnsworth*, 19 Maine, 278. *Roop* v. *Johnson*, 23 Maine, 335. *Peck* v. *Wallace*, 9 Conn. 453. *Booth* v. *Booth*, 7 Conn.

350, 367. *Whittlesey* v. *Starr*, 8 Conn. 134. *Bill* v. *Pratt*, 5 Conn. 123.

2. In the case at bar, the certificate of the oath shows that the three appraisers were sworn as such before the officer. The certificate of the appraisers sets out that they had " been first duly chosen and sworn as above certified." The officer in his return states that he had " caused three disinterested and discreet men to be sworn as appraisers as above." He also sets out the facts authorizing an appointment by an agent, namely, Dewey's residence in the State of New York, and having no attorney in this state to the knowledge of the officer. The officer then, in words and legal effect, certifies that the three appraisers were " duly chosen," one by the creditor, one by himself, and one " by William Stoddard, who claimed to act as the authorized agent of the within named William Dewey, the debtor." The Gen. Sts. *c.* 103, § 25, prescribe that the return " shall set forth substantially the following facts and circumstances," and does not in terms require an appointment of an appraiser by an agent to be stated. The return having stated that Stoddard claimed to act as the authorized agent of Dewey, that he acted in making the appointment, and that the appraisers were duly chosen, to hold that this is not substantially a statement that the appraiser was chosen by a person authorized to act as agent for Dewey is, first, to falsify the officer's certificate that the appraisers were duly chosen ; and, second, in disregard of the principle before laid down, to presume that the officer in violation of his duty, and at his own peril, allowed a man to act as agent whom he did not find to be such agent. There is no significance in the use of the word " chosen " in one place and " appointed " in another. They are words of the same legal effect. *Chappell* v. *Hunt*, 8 Gray, 427. If the court hold the agency of Stoddard to be insufficiently stated, the return might be construed as in substance setting forth a nomination by Stoddard and an appointment by the officer. *Herring* v. *Polley*, 8 Mass. 113. *Russell* v. *Hook*, 4 Greenl. 372.

*M. Wilcox*, for the demandant.

COLT, J. To give validity to the levy of an execution upon land taken by way of set-off, it must appear from the officer's return that the appraisers were appointed by himself, and the creditor and debtor ; or that the debtor was absent from or not

a resident in this state, and had no agent or attorney known to the officer, or neglected to appoint an appraiser, and that the officer appointed one for him, as the case may be. Gen. Sts. c. 103, §§ 3, 25.

The officer in this case returns that the debtor had removed to the State of New York, and had no attorney known to him within this state, and that one of the appraisers was appointed by a person "who claimed to act as the authorized agent of the within named William Dewey, the debtor." This is not sufficient. The debtor being absent from and not a resident of this state, a contingency had arisen in which his authorized agent might appoint in his stead. But the statute requires that such agent should be known to the officer as the debtor's agent or attorney, and, if not so known, then the officer must appoint for the debtor, and return the fact that there was no such agent or attorney known to him. The return in this case may be true, and yet the person who claimed to be an agent be a person wholly unauthorized and unknown by the debtor. The language of the return implies want of knowledge by the officer of the existence of the alleged agency. The law puts upon him the responsibility of determining the fact of agency, and makes his return conclusive in a real action to recover the land on the ground of an alleged defect in the levy. *Chappell* v. *Hunt*, 8 Gray, 427. *Dooley* v. *Wolcott*, 4 Allen, 406. In the case of this levy no action for a false return would lie against the sheriff, on the ground that the person claiming to act was not an agent of the defendant, because the return only is, that he claimed to act as such. The whole return is indeed to be construed together in ascertaining its meaning, but there is nothing in the other portions of it which can fairly control this result. The recital contained in their certificate, that the appraisers were duly chosen and sworn, which is made a part of the return, with the other recitals of the return referred to in the argument for the tenant, cannot control the plain statement that the second appraiser was appointed by one claiming to be an agent, and not by one known by the officer to be an agent.

*Exceptions overruled.*