WILLIAM WALSH vs. MARY ANDERSON.

Middlesex. March 7. — April 6, 1883. DEVENS & W. ALLEN, JJ., absent.

If an equity of redemption in land is sold, under the Gen. Sts. c. 103, § 40, the purchaser acquires no title by the delivery and recording of the deed of the officer who makes the sale, unless the officer makes a return upon the execution.

WRIT OF ENTRY, dated August 8, 1881, to recover a parcel of land in South Framingham. Plea, *nul disseisin*. The case was submitted to the Superior Court, and, after judgment for the demandant, to this court, on appeal, on agreed facts, in substance as follows:

From January 1, 1861, to August 31, 1861, inclusive, the demandant was the owner of the demanded premises, which were subject to a mortgage in common form.

On July 2, 1861, three executions were issued by James Humphrey, a justice of the peace for the county of Norfolk, against the demandant, for the respective sums of $51.92, $40.60 and $42.26.

On August 31, 1861, Joseph G. Bannister, a deputy sheriff under Charles Kimball, sheriff of the county of Middlesex, signed and sealed the following deed:

"Know all men by these presents, that I, Joseph G. Bannister of Framingham, in the county of Middlesex and Commonwealth of Massachusetts, and a deputy sheriff under Charles Kimball, esquire, sheriff of said county, having on the twenty-fifth day of July, in the year of our Lord one thousand eight hundred and sixty-one, by virtue of three several writs of execution, which were issued upon three several judgments recovered at a justice's court holden on the first day of July last past, within and for the county of Norfolk, in the Commonwealth aforesaid, respectively in favor of James S. Holbrook, Elliott L. White and David N. Hollis, all of Braintree, in the county of Norfolk aforesaid, against William Welch of said Braintree, such judgments being respectively for the sums of $47.28, $39.22 and $35.96 as damages, severally, and $4.64, $3.04 and $4.64 as costs of suits, severally, seized and taken all the right in equity which the said Welch had on the said twenty-fifth day of said

July of redeeming the following described mortgaged real estate, to wit: a tract of land in said Framingham, having a dwelling-house standing thereon, bounded as follows, [describing it by metes and bounds,] being the premises mortgaged by William Welch to Samuel O. Daniels, by deed recorded with Middlesex deeds at Cambridge, book 601, page 559, and having on the thirtieth day of July last, being thirty days at least before the time of the sale hereinafter mentioned, posted up notifications in writing of the time and place of sale upon said premises, and also in one public place in said town of Framingham, and in one public place in each of the towns of Ashland and Natick, being two towns adjoining said town of Framingham, said Welch not residing nor to be found within my precinct no personal notice was given to him, and also having caused an advertisement of the time and place of sale to be published three weeks successively, before the day of sale, in the public newspaper called the Marlborough Journal, printed at Marlborough, in said county of Middlesex, on the thirty-first day of August, in the year of our Lord eighteen hundred and sixty-one, made sale of said right in equity of redemption at public auction to John Anderson of Framingham aforesaid; he being the highest bidder for the same, for the sum of one hundred and seventy-six dollars: now therefore in consideration of said sum of one hundred and seventy-six dollars to me paid by the said Anderson, the receipt whereof I do hereby acknowledge, I have given, granted, bargained and sold, and do by these presents give, grant, bargain, sell and convey to the said Anderson, his heirs and assigns forever, all the right in equity which the said Welch had of redeeming the aforesaid mortgaged real estate at the time aforesaid. To have and to hold the same to the said Anderson, his heirs and assigns, to his and their use forever; subject, however, to be redeemed agreeably to the law in such case made and provided. And I, the said Bannister, in my said capacity of deputy sheriff, do covenant with the said Anderson as aforesaid, that, in making said sale, and in everything concerning the same, I have complied with and observed the rules and requisitions of the law for making sales of rights in equity to redeem real estate. But I do not warrant or defend to the said Anderson that the said Welch had any right, title or interest in said

estate at the time aforesaid. In witness whereof, I, the said Joseph G. Bannister, in my said capacity of deputy sheriff, have hereunto set my hand and seal this thirty-first day of August, in the year of our Lord one thousand eight hundred and sixty-one." This deed was acknowledged by Bannister on September 5, 1861, was delivered to Anderson, and was recorded on June 3, 1863.

If competent so to prove by the testimony of Humphrey, it is admitted that the executions issued on judgments recovered on defaults, or upon hearings, in three actions against the demandant duly entered before Humphrey. It does not appear, and no one can state, who served the writs in said actions, or what services thereof were made; but Humphrey has an impression that they were served by George W. White, a duly appointed and qualified sheriff of Norfolk county. Humphrey kept no records, except on the backs of writs, and, after diligent search, the writs cannot be found.

The demandant was absent from the Commonwealth during the year 1861, and had no personal notice or knowledge of said writs, judgments or executions until after 1861; but during the year 1861 he had a residence, and his family resided, in Braintree, in Norfolk county.

If competent so to prove, by the testimony of a mere spectator, it is admitted that Bannister, at the time and place mentioned in said deed, sold the said right and equity of redemption by public auction to John Anderson for $176, and that Anderson was the highest bidder at the auction sale. The tenant has the title which John Anderson had, if any, in the premises.

No returns were ever made on the executions. Kimball and Bannister died between 1878 and 1880.

*G. C. Travis*, for the tenant. The only question in this case is whether the want of a return on the executions is a fatal defect in the tenant's title. By the Gen. Sts. c. 103, § 40, the recording of "a sufficient deed" is the only thing prescribed, and it is declared that this "shall give to the purchaser all the debtor's right of redemption." The execution is not required to be recorded, and the purchaser cannot compel the officer to make a return. See *Wellington* v. *Gale*, 13 Mass. 483; *Ingersoll* v. *Sawyer*, 2 Pick. 276, 280; *Welsh* v. *Joy*, 13 Pick.

477; *Harrington* v. *Worcester*, 6 Allen, 576; *Capen* v. *Doty*, 13 Allen, 262.

*W. S. Stearns & J. H. Butler*, for the demandant.

FIELD, J.   When an execution is extended upon land, the officer's return upon the writ is indispensable in order to complete the title in the creditor; and the writ with the return must be deposited in the office of the clerk of the court before the return can be admitted as evidence of the levy.   *Prescott* v. *Pettee*, 3 Pick. 331.   *Bates* v. *Willard*, 10 Met. 62, 81.

When the right to redeem mortgaged land was sold on execution, the question was raised, but not decided, in *Ingersoll* v. *Sawyer*, 2 Pick. 276, 280, "whether, if no return were ever made, the purchaser could maintain his title by showing the deed of the officer, and proving from that, or *aliunde*, that all legal steps had been taken to authorize the deed."   In that case, there was a return upon the execution, and it had been deposited in the clerk's office, although this was not done on the day required by the writ.   See *Wellington* v. *Gale*, 13 Mass. 483, 488.   Subsequent cases, however, decide or imply that, when the equity of redemption of land is sold on execution, a return upon the execution is necessary to the validity of the sale.   *Welsh* v. *Joy*, 13 Pick. 477.   *Whiting* v. *Hadley*, 3 Allen, 357.   *Hayward* v. *Cain*, 110 Mass. 273.   In *Wade* v. *Merwin*, 11 Pick. 280, 286, the court say, " The return of the execution relates to the sale, and the sale is void without it."

The Gen. Sts. *c.* 103, §§ 39–43, in force at the time the executions in this case were issued, which regulated the sale on execution of an equity of redemption in land, have not the same explicit provisions requiring a return upon the execution as those which regulated the levy upon land by extent; but the decisions already cited must be taken, we think, to establish the necessity of a return upon the execution, in order to render a levy of execution valid, in whichever form it is made.   Such return need not be made on the day required by the writ; but, it must be made at some time; Gen. Sts. *c.* 133, § 22; and, as it appears in this case that no returns have ever been made upon the executions, the judgment of the Superior Court is

*Affirmed.*