## HANNAH CUNNIFF *vs.* ISAAC W. PARKER.

Middlesex.    January 29, 30, 1889. — May 9, 1889.

Present: MORTON, C. J., FIELD, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Bill to redeem — Fraudulent Conveyance — Issues to Jury — Sale on Execution — Writ of Entry.*

Under the Pub. Sts. c. 172, § 49, a purchaser at the sale on execution of a judgment debtor's land, the record title to which fraudulently stands in another's name, must not only bring an action for possession against the fraudulent grantee within a year after the return day of the execution, but must prosecute it with effect; otherwise the levy is void.

A bill in equity to redeem land from a mortgage was brought by a married woman against an assignee of the mortgage, pending a writ of entry to recover possession of the land brought by him, under the Pub. Sts. c. 172, § 49, as the purchaser at an execution sale of the equity of redemption against her as the fraudulent grantee of her husband, the judgment debtor, which writ, pending the bill and issues to a jury on the question of fraud, was entered " neither party." *Held*, that the assignee's rights under the sale were at an end, the only remaining right he had being under the mortgage, which she might redeem whether the conveyance to her was in fraud of creditors or not, and that the issues had ceased to be material.

BILL IN EQUITY to redeem land in Natick from a mortgage, alleging that the land in question was purchased by the plaintiff's husband, Martin Cunniff, largely with her money, and was conveyed to the plaintiff by him on April 15, 1887, through a third person, subject to the mortgage; that on July 15, 1886, Martin gave his promissory note to the defendant, who duly recovered judgment on the note, and an execution issued thereon; that the equity of redemption in the land was sold on the execution as belonging to Martin, but standing in the name of the plaintiff, and was purchased by the defendant; that the defendant brought a writ of entry, dated December 18, 1886, to recover possession of the land, which writ was still pending; that the note from Martin to the defendant was without consideration, and was given, and the action brought upon it, to enable the defendant to bring the writ of entry; and that the defendant, who had procured the mortgage to be assigned to him, had advertised the land to be sold under a power contained in the mortgage for breach of condition; and prayed for an account,

and that the defendant, upon payment to him of what was due, might be ordered to assign the mortgage to the plaintiff, and for further relief.

The answer denied that the land was purchased with the plaintiff's money, and alleged, among other things, "if plaintiff has taken any conveyance of said premises to herself, that such conveyance was fraudulently made by her husband, Martin Cunniff, with intent to defeat, delay, hinder, and defraud 'the said Martin's creditors; and the plaintiff well knew at the time of the making of said conveyance its said fraudulent purpose."

The case was ordered to be tried in the Superior Court, upon issues to a jury upon the questions thus raised. At the trial, before *Brigham*, C. J., the jury answered the issues in favor of the plaintiff; and the defendant alleged exceptions, which are not material.

*L. H. Wakefield*, (*H. G. Sleeper* with him,) for the defendant.
*G. D. Tower*, (*H. C. Mulligan* with him,) for the plaintiff.

HOLMES, J. If the issues framed were ever material, they have ceased to be so. It was stated, and admitted at the bar, that the defendant's writ of entry, as purchaser at the execution sale, against the plaintiff, as fraudulent grantee of the judgment debtor, has been entered "neither party." This being so, the defendant's right under the sale is at an end, because the levy is void by the terms of the Pub. Sts. c. 172, § 49. That section means, of course, not only that the purchaser must begin his suit within a year, but that he must prosecute it with effect. The only right the defendant now has is under the mortgage which he has purchased, and the plaintiff has the right to redeem it, whether her husband's conveyance to her was in fraud of his creditors or not.

*Issues discharged.*