## FREDERICK J. FINNIGAN, PETITIONER.

Suffolk, December, 1902.

*Execution Sale — Requisites to Validity.*

The report in this case raises the question of what is necessary to the validity of a title acquired at execution sale. The examiner has abstracted the recitals in the sheriff's deed, but not the proceedings in court. This is not sufficient. The deed of the sheriff is no more evidence of the truth of the recitals therein contained, or of the legality or existence of the other facts necessary to the validity of a title by statutory process, than is the case with the deed of a tax collector; and it is as necessary to the case of the petitioner under an execution sale, as under a tax sale, to prove that everything has been done which, under the statute, is essential to validity. Burke *v.* Burke, 170 Mass. 499; Frazee *v.* Nelson, 179 Mass. 456. (Note: And see Washington Bank *v.* Williams, 188 Mass. 103.)

The validity of an execution may be attacked in any collateral proceedings. Penniman *v.* Cole, 8 Met. 496. Delano *v.* Wilde, 11 Gray 17. (Note: And see Washington Bank *v.* Williams, *supra.*) Recitals in a deed are always subservient to the facts as they appear by an examination of the records of the court, and misrecitals in a deed both yield to, and are cured by, the officer's return. Arnold *v.* Reed, 162 Mass. 438. Welsh *v.* Joy, 13 Pick. 477. Hayward *v.* Kane, 110 Mass. 273.

The officer's return is indispensable to the completeness and validity of the title. Lawrence *v.* Pond, 17 Mass. 433. Walsh *v.* Anderson, 135 Mass. 65. When duly made the

officer's return is unimpeachable. Bates *v.* Willard, 10 Met. 62. Baker *v.* Baker, 125 Mass. 7. Sawyer *v.* Harmon, 136 Mass. 414. While the officer's return cannot be contradicted, neither, on the other hand, can it be enlarged. The return itself must show that everything has been done that the statute calls for, and essential facts cannot be supplied by extrinsic evidence. The return itself must set forth all the facts necessary to the validity of the proceeding. The officer cannot pass upon the validity himself, that is for the court; and a general statement that every necessary detail was done " agreeably to law " is defective and invalid. Neither will a return suffice under which the proceeding might or might not be good; its validity must affirmatively appear. Lancaster *v.* Pope, 1 Mass. 86 (Per Sedgwick, J.). Davis *v.* Maynard, 9 Mass. 242. Wellington *v.* Gale, 13 Mass. 483. Williams *v.* Amory, 14 Mass. 20. Litchfield *v.* Cudworth, 15 Pick. 23. Dooley *v.* Wolcott, 4 Allen 406. Dewey *v.* Tobey, 126 Mass. 93. Rand *v.* Cutler, 155 Mass. 451. Frazee *v.* Nelson, 179 Mass. 456.

If the matters essential to validity are present, a sale will not be rendered void by reason of mere irregularities. Cheseboro *v.* Barme, 163 Mass. 79. Holmes *v.* Jordan, 163 Mass. 147. Tellefson *v.* Fee, 168 Mass. 188. Frazee *v.* Nelson, 179 Mass. 456.

It must appear that the court from which the execution issued had jurisdiction, either over the defendant personally, or over the property by due attachment on mesne process. Brayman *v.* Whitcomb, 134 Mass. 525. Stack *v.* O'Brien, 157 Mass. 374. Tellefson *v.* Fee, 168 Mass. 188. In the case of an absent defendant, failure to file the bond required by R. L., Ch. 170, s. 8, renders the execution void. Dingman *v.* Myers, 13 Gray 1. Pease *v.* Morris, 138 Mass. 72.

The execution must be still vital at the time of the levy. Penniman *v.* Cole, 8 Met. 496. Kennedy *v.* Duncklee, 1 Gray 65. Nowell *v.* Waitt, 121 Mass. 554. (Note: Though

apparently provisions intended solely for the benefit of the debtor may be waived by him.   See Washington Bank *v.* Williams, 188 Mass. 103.)

The levy must have been begun before the time when the execution was returnable.   Prescott *v.* Wright, 6 Mass. 20. Rand *v.* Cutler, 155 Mass. 451.

An execution issued after the death of the judgment debtor, without his legal representatives having been brought into the case, is void.   Hildreth *v.* Thomson, 16 Mass. 191. Sigourney *v.* Stockwell, 4 Met. 518.   Reid *v.* Holmes, 127 Mass. 326.   Knapp *v.* Knapp, 134 Mass. 353.   But if the legal representatives have been cited in, execution may issue against them, and be levied on any real estate of which the deceased died seized, even in the hands of an innocent purchaser for value from his heirs or devisees.   (Note: While any attachment there may have been is dissolved by the death of the debtor, a lien for his debts nevertheless continues under R. L., Ch. 178, s. 53.   See Dunbar *v.* Kelley, 189 Mass. 390, and Tracey *v.* Strassel, 191 Mass. 187.)   This liability to execution continues till barred by the laches of the creditor, and it is somewhat startling to a modern conveyancer to read in the early cases what seems to have been considered not unreasonable delay.   Gore *v.* Brazier, 3 Mass. 523.   Wyman *v.* Brigden, 4 Mass. 150.   Ramsdell *v.* Creasey, 10 Mass. 170.   (Note: And see Kelly *v.* Dunbar, and Tracey *v.* Strassel, *supra.*)   The suit must be properly brought in the first place however, and an administrator cannot waive his lack of due appointment, or his special statute of limitations.   Borden *v.* Borden, 5 Mass. 67.   In re Allen, 15 Mass. 58.   Thayer *v.* Hollis, 3 Met. 369.

The execution must be levied by a competent officer, and the petitioner must show that he was an officer de jure.   A sale by a constable is bad, because he cannot post the notification of sale under his levy as required by the statute, that taking him out of his jurisdiction.   Lewis *v.* Norton, 164

Mass. 209. If an officer had adequate jurisdiction when the levy was begun, the proceeding may be completed even if he has gone out of office in the meantime. Ingersoll *v.* Sawyer, 2 Pick. 276. Capen *v.* Doty, 13 Allen 262. O'Brien *v.* Annis, 120 Mass. 143.

Prior to 1881 service of notice of the time and place of sale to the debtor by leaving a copy at the debtor's last and usual place of abode was not sufficient, but since the statute of 1881 that mode of service is good. Parker *v.* Abbott, 130 Mass. 25. Acts of 1881, Ch. 207. Croacher *v.* Oesting, 143 Mass. 195.

There must be no unreasonable delay in the proceedings. Unreasonable delay will render proceedings void. Haskell *v.* Varina, 111 Mass. 84. (Note: And see Dunbar *v.* Kelly, *supra.*) Just what is " unreasonable," however, would seem to depend, not so much upon the record, as upon the circumstances of each case; and if no rights appear to have been prejudiced, delay will not of itself invalidate a sale upon a levy properly and seasonably begun. Inman *v.* Meade, 97 Mass. 310. Bell *v.* Walsh, 130 Mass. 163. Croacher *v.* Oesting, 143 Mass. 195. (Note: And see Tracey *v.* Strassel, *supra.*) The execution itself may have been seasonably levied, but the return delayed, and legitimately, for a considerable period. Prescott *v.* Wright, 6 Mass. 20. Prescott v. Pettee, 3 Pick. 331. Welsh *v.* Joy, 13 Pick. 477. Walsh *v.* Anderson, 135 Mass. 65. Firth *v.* Haskell, 148 Mass. 501. (Note: And see Fletcher *v.* Wrighton, 184 Mass. 547.)

The deed must be recorded within three months in order to preserve a title that will take effect from the date of the original seizure as against intervening deeds or encumbrances. Otherwise the deed will stand like any other unrecorded deed. Heywood *v.* Hildreth, 9 Mass. 393. Taylor *v.* Robinson, 2 Allen 562. Houghton *v.* Bartholemew, 10 Met. 138. DeWitt *v.* Harvey, 4 Gray 486. Owen *v.* Neveau, 128 Mass. 427.

While the title passed by execution sale is generally the title which the debtor had at the date of seizure, prior to 1874 the mode of levying the execution depended on the nature of the debtor's interest at the time of the levy. This in the case of a sale of an equity of redemption was a serious matter, since the validity of the sale depended upon facts not necessarily of record, or even within the purchaser's knowledge or control. If as a matter of fact the mortgage had been paid, the execution sale would be void, though there was neither actual nor constructive notice to creditor, officer, or purchaser. As this was changed over thirty years ago, however, the matter is hardly one of live interest today. Perry v. Hayward, 12 Cush. 344. Grover v. Flye, 5 Allen 543. Gardner v. Barnes, 106 Mass. 505. Acts of 1874, Ch. 188.

The interest of the debtor at the time it is seized must be correctly described, however. An equity cannot be taken as a fee, nor a fee as an equity. The description of a larger interest will not, as in a voluntary conveyance, cover a lesser one; although conversely, the title coming by purchase against, instead of under, the debtor, a sale of right, title and interest will carry the record title good as against an unrecorded deed. Webster v. Foster, 15 Gray 31. Cochran v. Goodell, 131 Mass. 464. Mansfield v. Dyer, 133 Mass. 374. Laflin v. Crosby, 99 Mass. 446. Wight v. Barnstable Bank, 123 Mass. 183. Hackett v. Buck, 128 Mass. 369. Woodward v. Sartwell, 129 Mass. 210. Cowles v. Dickinson, 140 Mass. 373. Frazee v. Nelson, 179 Mass. 456. (Note: And see Lyons v. Urgalones, 189 Mass. 424.)

The description in the deed must correspond with that in the return. Whiting v. Hadley, 3 Allen 357.

A sale to the husband or wife of the debtor is void, because of the relationship between the parties. Stetson v. O'Sullivan, 8 Allen 321. (Note: And see Livingstone v. Murphy, 187 Mass. 315.)

A sale of land alleged to be fraudulently standing in the

name of a person other than the judgment debtor, though the deed itself be valid, is liable to be defeated by subsequent failure to bring action for possession. Hunt *v.* Mann, 132 Mass. 53. Cunniff *v.* Parker, 149 Mass. 152.

The burden thrown on a petitioner who claims under an execution sale has been greatly lightened of late, however, by the form of return adopted by the Sheriff of Suffolk as a matter of precaution against the somewhat sweeping covenants of a sheriff's deed, and now used in many of the sheriffs' offices. It is very full in form and covers almost all of the matters necessary to the validity of a sale.