JOSEPH BRESS *vs.* ABRAHAM GERSINOVITCH & others.

Suffolk.     November 18, 1918. — January 3, 1919.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Equity Jurisdiction,* To reach and apply property conveyed with intent to defeat, delay or defraud creditors. *Execution. Attachment.*

The right given to a creditor under R. L. c. 159, § 3, cl. 8, to maintain a suit in equity to reach and apply in satisfaction of a debt property conveyed by the debtor with intent to defeat, delay or defraud his creditors is concurrent with his right given by R. L. c. 178, §§. 1, 47, to levy an execution obtained against the debtor in an action at law upon land of the debtor so conveyed.

Where the bill in such a suit alleges that, by order of a municipal court in poor debtor session, the debtor had assigned to the plaintiff all his right, title and interest in the land so conveyed by him, and that, at a sheriff's sale after a levy of his execution in the action at law upon the land, it was sold to the plaintiff, a demurrer by the defendant on the ground that the plaintiff has a complete and adequate remedy at law will not be sustained, because the assignment by the debtor conveyed no legal or equitable title as against the debtor's grantee,

and the sale on execution gave only a right to try the title of the defendant or fraudulent grantee by a writ of entry commenced within one year after the return day of the execution.

BILL IN EQUITY, filed in the Superior Court on April 11, 1918, to reach and apply under the provisions of R. L. c. 159, § 3, cl. 8, certain real estate alleged to have been conveyed fraudulently by the defendant Abraham Gersinovitch to the defendants Rosie A. and Myer H. Gersinovitch with intent to defeat, delay and defraud the creditors of Abraham.

The allegations of the bill are described in the opinion. The defendants demurred. The demurrers were heard by *Wait,* J., and a decree was entered sustaining them and dismissing the bill. The plaintiff appealed.

*P. B. Kiernan,* for the plaintiff.

No counsel appeared for the defendants.

PIERCE, J. This is an appeal from a final decree sustaining a demurrer to the plaintiff's bill.

The bill was brought under R. L. c. 159, § 3, cl. 8, to enforce the plaintiff's right as a creditor to take and apply in payment of the judgment debt of the defendant Abraham Gersinovitch, three parcels of land which were purchased by the debtor, but conveyed to Rosie A. and Myer H. Gersinovitch with intent to defeat, delay or defraud the creditors of Abraham Gersinovitch. Before the bill was filed the defendant debtor, by order of the Municipal Court of the City of Boston in poor debtor session, had assigned to the plaintiff all his right, title and interest in and to the three parcels of land conveyed to the other defendants, and the assignment had been duly recorded. Upon demand the defendants had refused to surrender the premises or to pay the amount due on the execution. The plaintiff had also before filing the bill brought an action against the debtor on the judgment, made a special attachment of the parcels of land standing in the name of Rosie A. and Myer H. Gersinovitch, and recovered judgment for $123.84, for which amount execution duly issued and a levy on execution was made on the premises mentioned by the sheriff, and subsequently sold October 13, 1917, by the sheriff to the plaintiff by deed duly recorded.

The right of the plaintiff to proceed in equity is expressly given by R. L. c. 159, § 3, cl. 8, and is concurrent with the right

to levy an execution under R. L. c. 178, §§ 1, 47.  The assignment of the debtor as against the grantees could convey no legal or equitable title.  The sale on execution gave a mere right to try the title of the defendants as fraudulent grantees, by a writ of entry commenced "within one year after the return day of the execution;" otherwise the levy and the plaintiff's rights were void by the terms of R. L. c. 178, § 47.  *Cunniff* v. *Parker*, 149 Mass. 152, 153.

It is plain the demurrer should not be sustained on the grounds assigned, to wit, that the plaintiff has a complete and adequate remedy at law in that the debtor defendant has conveyed to the plaintiff all his right, title and interest in the real estate; and because the plaintiff has sold the property to himself by virtue of the execution levied on said real estate.

The right to maintain the suit in equity is expressly conferred by statute, and is concurrent with the statutory right to proceed after levy and sale on execution by a writ of entry.  *Stratton* v. *Hernon*, 154 Mass. 310, 312.  *Thomas* v. *Burnce*, 223 Mass. 311, 312.  There is no legal reason why at pleasure the plaintiff may not elect to pursue the right given him by R. L. c. 159, § 3, cl. 8, and before satisfaction of his execution abandon any other statutory and common law remedy.

*Decree reversed with costs.*