Parsons, C. J.
Executions may by our law be sued and tested out of term, and by the statute of 1783, c. 57, § 1, executions issued from the Courts of Common Pleas shall be made returnable in three months, unless within that time a Court of Common Pleas shall be holden, in which case the execution must be made returnable to the next Court of Common Pleas. Agreeably to this provision, the execution mentioned in the case agreed was returnable to the next Common Pleas, expressing the time and place of nolding it.
After the time when an.execution is to be returned, it cannot be executed by taking the body, goods, or estate of the debtor; and if it is unsatisfied, the officer ought to return it, that the creditor may sue out an alias execution. When an execution is returnable in three months, it is executable at any time on the last day of the three months. But when it is returnable to a court to be holden at a certain day and place, it may be executed at any time on that day, while the court is sitting; but after the court is adjourned to the next day, it cannot then be executed, the authority of the officer to execute it being determined; and it is his duty to return it to the court while sitting. And upon the return the creditor may sue out an alias. But if the officer has begun to execute the execution at any time before it is returnable, he may complete the service after it is returnable, and retain the execution, to endorse the service *19 * thereon ; the whole of which shall have relation to the [ * 23 ] time when it commenced. (3)
This authority in the officer results from the forms of our executions. If he take the body of the debtor, he is not directed to have him before the justices, but to commit him. If he seize goods, he must proceed to sell the same at auction after due notice, and endorse the sale on the execution ; and he is not to oring the money into court, but to pay it to the creditor. So, if ne levy the execution on land, he must complete the extent, and deliver seisin to the creditor ; all which proceedings he must endorse on the execution as a part of his return ; and in this last case, the execution and return are to be recorded in the county registry. And we cannot presume that the law, by directing these proceedings of the sheriff to be endorsed on the execution, intended to render the execution inexecutable as many days before the return day as these proceedings might require.
Now, it appears from the facts agreed that the execution in this case was made returnable to the court; that the court, having sat on the return day, had adjourned to the next day; that, at the time of the adjournment, the defendant had not begun to execute his writ; and that afterwards he could not return the writ to the court on the return day. The execution, according to the rule stated by Lord Holt in the case of Perkins vs. Woolaston, cited at the bar, was therefore no longer executable after the adjournment; (4) and consequently the seizure by the defendant of the plaintiff’s chattels, being without legal authority, was a conversion for which he is answerable in this action. But as the defendant paid a debt due from the plaintiff out of the proceeds, this fact may mitigate the damages, to assess which let the cause go to a jury. (5)

 [If it be necessary that the return should be made at or before a particular time, it would seem to follow, that the acts and doings which constitute the matters con tained in the return, should be done before that time. — Ed.]

 [Perkins vs. Woolaston has been overruled. Maud, vs. Barnard, 2 Burr. 812, and Pugh vs. Powell, Weyburn vs. Kcale, Hall vs. Gatton, and Moss vs. Powell, there cited. Watson, Sheriff, 61. — Ed.]

 [If the defendant tortiously took the plaintiff’s goods and sold them, although he afterwards applied the net proceeds towards the discharge of the debt mentioned in the writ of execution, it is difficult to see upon what principle of law this unauthorized application could create a claim against the plaintiff, or be allowed to mitigate the damages in an action for the tort. — Ed.]