Kent, Ch. J.
The case of Pratt v. Petrie (2 Johns. Rep. 191.) is in point to show that cattle distrained damage feasant ave not to be impounded until the damages have been previously assessed, and that if they be, it is an irregularity which renders the *260 party a trespasser. The statute (sess. 24. c. 78. s. 16.) says, when any distress shall be made of beasts doing damage,the person distraining shall, “ as soon as conveniently may be, anij.within 24 hours,” apply to the fence viewers to have the damages appraised, and that the person making the distress shall, , as soon; as he shall think proper, and within 48 hours after making such distress, unless the damage shall be sooner paid, cause the beasts to be put in the nearest pound, &c. where they shall remain until the sum, certified by the fence viewers, with the fees of the pound-master, be paid,” Sec. The construction given to this act in Pratt v. Petrie was correct. There is a material difference between goods remaining in possession of the party distraining, and in a public pound. In the former case, they may be rescued if taken without cause, or contrary to law, but in the latter case they cannot, for they are in the custody of the law, (Co. Litt. 47. b.)„ The law provides for one sufficient pound, at least, in every town, under the charge of a pound-master, and when the beasts are placed there, it is by way of coercion to compel the owner to pay the damage, and they cannot be redelivered without also paying the poundage fees; and when there, the owner ought to be able, to redeem them immediately, which he cannot do, if the damages are not duly assessed. The assessment is therefore evidently a pre-. Iiminary step to the impounding, and this is the meaning of the act. The owner is to have an opportunity of paying the damage before the beasts are impounded, which he loses, if they can be immediately impounded before the fence viewers have been called.' The person distraining was," therefore, irregular in impounding beasts, and he became a trespasser in so doing; and the trespass carried back by relation to the original taking, so as to render the party a trespasser ab initio. This was the settled rule of the common law, and it has been Constantly.and uniformly acknowleged by the courts; and the distinction is between an entry, authority or license given to one by law and by the party. If the authority be abused, the law, in the first case, adjudges, by the subsequent act, quo animo the original entry was made, and makes party a trespasser ab initio ; but not so in the latter case, be-cause the party cannot, for any subsequent cause, punish that which was done by his own authority. (The Six Carpenters' Case, Co. 146. Bagshaw v. Garvard, Yelv. 96. Case cited by TwysJ. in 1 Vent. 37. Gargrave v. Smith, 1 Salk. 221. Dye v. Leatherdale and Simpson, 3 Wils. 20.) The statute, guarding *261 against the operation of this rule in certain cases of distress ap= plies only to distresses for rent. (Sess. 11. c. 36. s. 10.) The impounding the cattle in the public pound before the damages were appraised, was not a mere nonfeasance, but a positive act unauthorized by the statute, and for which the action of trespass was well brought.
Spencer, J.
The court below have disregarded the case of Pratt v. Petrie. (2 Johns. Rep. 191.) In that case, the beast was taken damage feasant, but impounded before the damages were appraised, and we held it a fatal objection, saying that the act required the damages to be ascertained by the fence viewers before the beast could be impounded. The attention of the court was not called to the form of the action in that case; so far the question is open for discussion.
The counsel for the defendant in error has questioned the soundness of that decision on the point decided, and he appears to have laboured under the mistake, that the statute con--* eerning distresses, &c. applied to this case, and has buiit much of his argument on the 10th section of that act, Which provides that for any irregularity afterwards done by the party distraining, the distress shall not therefore be deemed unlawful, nor the party made a trespasser db initio, but the party aggrieved by such irregular or unlawful act, may, in an action of trespass, or on the case, recover satisfaction for the special damages. This pro - vision is expressly confined to distresses for rent, and is a copy of 11 Geo. II. c. 19.; and Mr. Justice Blackstone (3 Com. 9.) considers the law of distresses, as to beasts taken damage feasant, ■ untouched by that statute. It is unnecessary, then, to consider the question as to the nature of the action, or the manner of declaring under the 10th section of the act. The decision in Pratt v. Petrie, Was upon the 16th section of the act relative to the duties and privileges of towns. (Sess. 24. c. 78.) That section requires it as a duty of the person making distress of beasts doing damage,, as soon as conveniently may be, and within 24 hours thereafter, to apply to the fence viewers to appraise and ascertain the damage, and then the person distraining is authorized, as soon as he thinks proper, and within 48 hours after the distress, to cause the beasts to be put in the nearest pound, where they shall remain until the sum certified by the fence viewers and the fees of the pound master be paid, &c. It appears to me, that the sense of the legis *262 Iature is clearly expressed, that the damages must be ascertained before the beasts are put into a public pound: when they are thus impounded, they are in the custody of the law; they are, *b in execution by summary process, afforded by the law, for injuries done on a man’s land; and when impounded in a public pound, the party has no mode of regaining possession but by paying the damages, and the fees to the pound-keeper, or by replevying them. To maintain that beasts may be impounded before the damages are assessed, deprives the owner of a security afforded by the section of the act under consideration ; for if any dispute arises upon the sufficiency of the . fence, the fence viewers who appraise the damages are to determine thereon, and their decision is to be conclusive. A case may happen in which, though damage has been done, it may arise from the defect of fences of the party distraining, in which case no damages would be appraised. Again, it was proper to fix a time before the distress was impounded in a public pound, for they were liable to rescue in case the distress was taken without cause, or contrary to law; but after they are put in a public pound, they cannot be rescued. (3 Bl. Comm. 12.) It is unnecessary to sanction this mode of proceeding, because the distrainor may impound the beasts in a special pound, overt or covert. I have said thus much in vindication of the decision in Pratt v. Petrie. .
Did the impounding, under the circumstances, render the defendant a trespasser ab initio ? I think it clearly did. It was decided in The Six Carpenter’s’ Case, (8 Co. 290.) that when entry, authority, or license is given to any one by law, and he abuses it, he is a trespasser ab initio; but the neglect to pay a tavernor for wine, was an act of nonfeasance, which did not make the carpenters trespassers ab initio. In Bagshaw v. Goward, (Cro. Jac. 147.) the defendant distrained damage feasant, and worked, the distress, riding upon and drawing him, and it was held he was a trespasser ab initio ; the court said it was an abuse by trespass.— It is needless to multiply authorities; they all speak one uniform language. The act of impounding in a public pound, if unlawful, was an abuse of the authority given by larv, and it clearly rendered the whole a trespass ab initio.
The other judges were of the same opinion.
Per totam Curiam.
Judgment reversed.