*Judgment on the verdict.*

---

### HEZEKIAH BLAKE *versus* NATHANIEL JOHNSON.

A collector of the duty upon carriages, made a distress under the 4th section of the statute of the U. S. of Dec. 15, 1814, cap. 12, and sold the same at less than half the value, at auction, in two hours after the seizure, without giving public notice of the time and place of sale. The sale was held to be illegal, and the collector a trespasser *ab initio.*

TRESPASS against the defendant, for seizing and con-
verting to his own use a harness and bells, belonging to the
plaintiff.

The cause was submitted to the decision of the court upon
the following facts. The defendant was a deputy collector,
duly appointed under the laws of the *United States*, over and
in the district in which the plaintiff lives. The plaintiff
having a carriage, with four wheels, liable to a duty of two
dollars a year, had omitted to pay the duty for the years 1815
and 1816. On the 15th June, 1816, the defendant went to
the house of the plaintiff, and demanded twelve dollars for
said duties, and for the sums he had a right to receive in con-
sequence of the plaintiff's neglect. The plaintiff tendered
to the defendant eight dollars, which he refused to receive,
and then seized the harness and bells belonging to the car-
riage, and carried them about a mile, to a store in a village,
and in about two hours after the seizure sold them at auction
to one *R. B.*, for fourteen dollars and fifty cents, to whom he
delivered them. The value of the articles was agreed to be
thirty-five dollars. No notice of the distress was given to
the plaintiff, nor was there any public notice of the time and
place of sale.

Blake
*vs.*
Johnson.

It was agreed, that if the court should be of opinion that the plaintiff was entitled to recover, judgment should be rendered for him for such sum as the court should think reasonable; otherwise the plaintiff should become nonsuit.

*Atherton,* for the plaintiff.

The opinion of the court* was delivered by

RICHARDSON, C. J. We entertain no doubt that *Johnson* had a right to demand twelve dollars, and to collect the same by distress and sale of goods, under the 4th section of the statute of the *United States,* of the 15th Dec. 1814, cap. 12. The only question then is, whether he so illegally conducted the distress and sale as to make him a trespasser *ab initio.* The statutes of the *United States* do not prescribe the mode of distraining and selling. We must, therefore, look to the common law and to the laws of the state for the rules by which a distress and sale is to be conducted.

A distress and sale is in some respects analogous to a distress at common law, and in other respects it is in its nature an execution. 1 *Burr.* 579, *Hutchins* vs. *Chambers.* And we are very clear, that every distress of this kind must be kept a reasonable time before it be sold, that the party whose goods are distrained may have an opportunity to replevy, or to discharge the demand for which they are taken. A distress at common law for a debt due to the king could be sold, if the debt was not paid in forty days. 3 *Bl. Com.* 14. Goods distrained for fines and amercements could be sold at common law, after they had been kept a reasonable time. *Bac. Ab.,* " *Distress,*" *Letter G.—Brady on Distress* 247. The common law in no case authorized the immediate sale of a distress; nor is any case recollected of such a sale warranted by statute, either in *England* or in this country. What is a reasonable time to keep a distress before sale, is a question of law. Our statutes have fixed four days as a reasonable time, in cases of distress for taxes and military fines.

* WOODBURY, J., having been of counsel, did not sit.

Goods taken upon execution may be sold in four days, if the
debt be not paid. It would, therefore, seem that four days
may be considered as a reasonable time, in this state, to keep
a distress before sale. A distress ought also to be sold for
the best price it will bring. It may be sold at private sale,
if the full value can be obtained, unless a different mode is
provided by statute: otherwise it should be sold at auction,
due notice of the time and place of sale being first given.
Whether the present action could have been maintained for
any irregularity in the manner of selling, it is unnecessary
to decide in this case, because we are of opinion that the
defendant, in making an immediate sale of the goods, con-
ducted so illegally as to make himself a trespasser *ab initio.*
The plaintiff is, therefore, entitled to judgment. 10 *Johns.*
253, *Sacrider* vs. *McDonald.—Brady* 249. The value of
the goods was thirty-five dollars. From that sum the amount
*Johnson* had a right to demand ought to be deducted, which
was twelve dollars. 6 *Mass. Rep.* 20, *Prescott* vs. *Wright.*

　　*Judgment for the plaintiff for twenty-three dollars.*