## PHILANDER SOULE *et al.* vs. GREENLIEF WHITE *et al.* Executors.

Where goods, which had been pledged, were seised and sold on execution, prior to the *st.* of 1835, *c.* 188, " concerning mortgages and pledges of personal property," and trespass was brought for the goods by the pledgee against the officer; *it was held,* that the measure/of damages was the value of the property, and not the amount for which the goods were pledged.

TRESPASS for certain chattels taken by *Randall Fish*, a deputy of the testator, late · sheriff of the county. *Fish* took the chattels on an execution against one *Cowan*. The title set up by the plaintiffs was an instrument in writing from *Cowan*, whereby he pledged to them the property in controversy, to secure to them certain claims against him, and to indemnify them against certain liabilities, which they had assumed on his account. The fairness of the transaction was impeached, but the jury sustained the title of the plaintiffs. The counsel for the defendants contended, that, as they defended in behalf of an execution creditor of *Cowan*, the plaintiffs were entitled to no greater sum in damages, than was

necessary to secure and indemnify them. The verdict was for the value of the chattels, and was to be reduced by the sum of $235,83, if the Court should be of opinion, that the plaintiffs' claim ought to be limited, as the defendants contended it should be.

*Bradbury,* for the defendants, argued, that as the defendants were in the place of an execution creditor of *Cowan,* and the property had gone to pay his debt, that the plaintiffs were not liable to *Cowan,* and therefore could recover only such sum, as would indemnify them. The property was liable to be taken as against *Cowan,* and against every one but the plaintiffs. He cited *Coggs* v. *Bernard,* 2 *Ld. Raymond,* 912; *Cowing* v. *Snow,* 11 *Mass. R.* 415; *Boyden* v. *Moore,* 11 *Pick.* 362; *Daggett* v. *Adams,* 1 *Greenl.* 198; *Prescott* v. *Wright,* 6 *Mass. R.* 20; *Starr* v. *Jackson,* 11 *Mass. R.* 519; *Rich* v. *Bell,* 16 *Mass. R.* 294; *Wallis* v. *Truesdell,* 6 *Pick.* 455; *Weld* v. *Bartlett,* 10 *Mass. R.* 470.

*Boutelle,* for the plaintiffs, urged, that the right of property was in the plaintiffs, and that there was no attachable interest in the property, as *Cowan's.* The deputy, therefore, was a mere trespasser, and took the property of the plaintiffs wrongfully. The measure of damage is the value of the property. *Holbrook* v. *Baker,* 5 *Greenl.* 309.

The plaintiffs are liable over to *Cowan* for any balance, and this verdict, should the reduction be made, would be no bar to a suit by him against the plaintiffs. *Badlam* v. *Tucker,* 1 *Pick.* 284. The *statute* of 1835, c. 188, gives the right to attach the property thus situated, which did not before exist.

After a continuance, the opinion of the Court was drawn up by

EMERY J. — A verdict having been rendered in this case for the value of the property taken by *Randall Fish,* a deputy of the defendant's testator, late sheriff of this county, the question now is, whether the plaintiff shall be restricted in his damages to the value of the amount of his claim against the debtor, because the plaintiff is a mortgagee of the property, and his debt was unpaid.

It has been argued, certainly with strength, that the damages to the plaintiff ought to be only commensurate with the injury to which he has been subjected, that nothing more could be expected from him on the part of the mortgagor, than ordinary care for re-

storing the goods, and that it was not the mortgagee's fault, that the goods were attached for the mortgagor's debt. And the mortgagor ought not to complain, inasmuch as the proceeds of the sale of the goods have gone in payment of the mortgagor's debts. Cases, too, have been cited wherein both in *trespass* and in case, officers have been permitted to show in mitigation of damages an appropriation of the proceeds of property which they have improperly taken, to the payment of the plaintiff's debts.

Thus in 11 *Mass. R.* 415, *Cowing* v. *Snow,* where a barrel of flour had been put in the defendant's hands by a master of a vessel to whom freight and some advances were due, with directions not to deliver the flour till the sum due was paid, the measure of damages was holden to be the $1,85 which was due, though the value of the barrel of flour was a much larger sum.

So in 6 *Mass. R.* 20, *Prescott* v. *Wright,* where the officer having seised goods in execution after the proper time of returning the precept, and proceeding to sell them, paid the debt on the execution, he was permitted to shew this in mitigation of damages.

In *Holt's* argument in *Coggs* v. *Barnard,* 2 *Ld. Raym.* 912, cited, it is asserted, that if a creditor takes a pawn, he is bound to restore it upon payment of the debt. Yet it is sufficient if the pawnee use true diligence, and he will be indemnified in so doing, and notwithstanding the loss, yet he shall resort to the pawner for his debt. In *Southcote's* case, the reason given is, because the pawnee has a special property in the pawn. But *Holt* says, the true reason is, that the law requires nothing extraordinary of the pawnee, only that he shall use an ordinary care for restoring the goods. But if the money for which the goods were pawned be tendered to the pawnee before they are lost, then the pawnee shall be answerable for them, because the pawnee, by detaining them after the tender of the money, is a wrongdoer, and it is a wrongful detainer of the goods, and the special property of the pawnee is determined. And a man that keeps goods by wrong, must be answerable for them at all events, for the *detaining* of them by him is the reason of the loss.

In 1 *Pick.* 389, *Badlam, Ex'r,* v. *Tucker et al.* it was decided, that chattels pawned or mortgaged are not liable to attachment in an action against the mortgagor or pawner, that the mortgagee or

pawnee is not compellable to sell when no agreement has been made that he should sell, and that he is not liable to the trustee process. And in *Holbrook* v. *Baker*, 5 *Greenl.* 309, the authority of *Badlam* v. *Tucker et al.* is recognized by this Court, which is made to say, they "know no law which authorizes a creditor to attach or seise a right to redeem a chattel." The statute which has since been passed, allowing such attachment on tender, we apprehend does not afford a good reason for altering the verdict in this case.

*There must be judgment on the verdict.*