FREDERICK C. ROBINSON *vs.* JAMES S. WILLIAMS and others.

Aroostook.    Opinion March 8, 1888.

*Bond.    Poor debtor.    Return of execution.*

An omission by the officer to return into the clerk's office, during the life-time of the precept, an execution upon which a poor debtor's bond was taken by such officer, constitutes no defense to an action on the bond.

ON exceptions.

Debt on a poor debtor's bond. The question raised by the exceptions is stated in the opinion.

*Powers and Powers,* for the plaintiff, cited : *Bean* v. *Parker,* 17 Mass. 591; *Fales* v. *Goodhue,* 25 Maine, 423.

*Hersey and Shaw,* for defendants.

" It is incumbent upon those who would avail themselves of a statute remedy to make it appear that the requirements of the statute have been strictly observed in all essential particulars." 76 Maine, 265.

Section 39 of c. 113, R. S., provides that the bond taken shall be returned with the execution to the court from which the execution issued. When shall this bond be returned? Certainly within the lifetime of the execution, which is three months from the date thereof; this was not done, but wholly neglected. The creditor can receive the bond from the court by filing a copy, and not without. R. S., c. 113, § 39.

The bond or copy thereof should remain on the files of the court from the time it is returned (within the lifetime of the execution) until the six months have expired, so the debtor can have an opportunity to meet the conditions of his bond, viz. :

1. If he wishes to cite the creditor, and take the oath pre-scribed in section 30, c. 113, R. S., he must describe in his citation the execution and the bond, and must give the creditor fifteen days notice, which he cannot do unless he can see the bond and execution, and if they are not returned to court until the

last day of the six months he cannot meet this condition of his bond.

2. If he wishes to pay the debt, interest, costs, and fees arising in said execution, he cannot do so and make a legal tender to save this condition of his bond if said bond is not returned to court until the last day of its life.

3. If he wishes to deliver himself into the custody of the keeper of the jail to which he is liable to be committed under said execution he cannot do so, and the jailor would not be obliged to receive him unless he deliver to the keeper of the jail at the same time a copy of the bond or of the execution and return thereon.   71 Maine, 405.

This last condition could not have been performed unless said bond and execution had been returned to court, and the debtor is not obliged to wait until the last day for said bond and execution to be returned so he could procure copies.   If the bond can be returned on the last day of the six months it can be returned on the last moment of that day and thus defeat the purpose of the statute.   76 Maine, 262.

PETERS, C. J.   The defendants, principal and sureties, set up in defense of an action against them on a poor debtor's bond, that the bond and execution on which the bond was taken were not returned into the clerk's office until on the last day before the bond expired.   They contend that an omission to make the return within the lifetime of the execution released the bond.

We are not satisfied that the statute affecting the question, requires such a rigid construction.   It is a general rule that an officer shall return an execution within the three months.   But the rule has exceptions.   If he collects an execution and pays the money to the plaintiff or his attorney, his liability ceases. It is quite a common practice to deliver the execution to the debtor in such cases, although the safest and best place for it, for all concerned, is in the clerk's files.   1 Bachus, Sheriff, 258 ; Tidd's Prac. 928 ; *Runlett* v. *Bell*, 5 N. H. p. 438, and cases there cited.

There are frequent instances where it is not possible to return the execution within three months.   If the service is made at

the last moment of the time, it cannot be. Still, it has never been seriously doubted that an officer has all of the three months within which to commence a service, completing his work after the three months have expired. *Shindler* v. *Blunt*, 1 Sand. 683. Says PARSONS, C. J., in *Prescott* v. *Wright*, 6 Mass. 20, " If an officer has begun to execute the execution at any time before it is returnable, he may complete the service after it is returnable, and retain the execution to indorse the service thereon, the whole of which shall have relation to the time when it commenced." By R. S., ch. 76, § 5, it is provided that, in levying an execution upon land, the proceedings may be valid, although a part of them be made after the return day of the execution. Still, a literal compliance with the words of the execution would not permit such latitude.

In *Prescott* v. *Pettee*, 3 Pick. 331, PARKER, C. J., remarked that it was difficult to arrive at the meaning of the legislature in regard to the return of an execution into the clerk's office. He thought the requirement was " for some purpose merely directory." It was held in that case, that, although an execution levied on land must be returned into the clerk's office, in order to complete the title of the creditor, still, it would be sufficient, if returned at any time after the return day, but before it is offered in evidence. The same rule was applied in this state in *Emerson* v. *Towle*, 5 Greenl. 197 ; see, on same point, cases cited in *True* v. *Emery*, 67 Maine, p. 35.

At common law, a return of final process was not a regular duty of an officer. It was necessary to serve a rule upon him to make the return, if any person desired it done. *Richardson* v. *Trundle*, 8 C. B. (N. S.) 474 ; Bachus, Sheriff, § 262 ; Tidd's Prac. 928. In Dane's Abridgment, Vol. 3, ch. 75, article 12, the earlier American cases on the subject are collected and their application explained. The duty of returning an execution is now generally regulated by statute. In Murfree on Sheriffs, § 855, a late work, it is said, commenting upon the statutes of different states relating to the matter, that " the purpose designed to be accomplished by the return of process placed in the hands of the sheriff, is that by it he may show what he has done in the

matter, and what he has omitted to do, and why.." " And it may be further stated," says the author, " that the statutory provisions which require sheriffs and constables to return writs of execution, and provide special remedies for defaults in doing so, are designed for the benefit of the plaintiffs in such executions, and are not available for defendants aggrieved by any omission."

It would seem to be deducible, from these considerations, that the defense attempted to be maintained by the defendants in the case in hand, cannot prevail. Their injury is imaginary, not real, nor legal.

*Exceptions overruled.*

WALTON, DANFORTH, LIBBEY, EMERY and HASKELL, JJ., concurred.