EDWARD L. COLLINS *vs.* JOHN C. KENNEDY.

Suffolk.   March 26, 1894. — May 18, 1894.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Poor Debtor.— Jurisdiction — District Court — Prohibition.*

The St. 1893, c. 396, was not intended to affect the jurisdiction of district and police courts in proceedings for the relief of poor debtors; and a writ of prohibition will not issue to restrain the justice of a police court from examining a debtor arrested on execution, who has made application to him for a notice of his desire to take the oath for the relief of poor debtors, on the ground that the certificate authorizing his arrest and under which he had entered into a recognizance was issued by a district court of the same county within the judicial district of which neither the debtor nor creditor lived or had their usual place of business.

FIELD, C. J.   This is a petition for a writ of prohibition to restrain the respondent, as a justice of the police court of the city of Newton, from proceeding to examine the petitioner, a debtor arrested on an execution issued against him by the Superior Court of the County of Suffolk, at the suit of Lester H. Latham, who is described as of Boston, in said County of Suffolk.   The petitioner is described in the execution, and describes himself in his petition, as of Newton, in the County of Middlesex.   Latham, the judgment creditor, made application to the First District Court of Eastern Middlesex for a certificate authorizing the arrest of Collins upon the first charge specified in Pub. Sts. c. 162, § 17, and that court issued a notice to Collins, pursuant to § 18 of said chapter, which was duly served upon him. Collins failed to appear, and was defaulted, and a certificate authorizing his arrest was duly issued and annexed to the execution upon which Collins was arrested, and he duly entered into a recognizance in the usual form to deliver himself for examination within thirty days from the date of his arrest.   Within said thirty days Collins appeared before the police court of the city of Newton, and made application for notice of his desire to take the oath for the relief of poor debtors, and to have a time and place appointed for his examination.   A time and place were appointed, and a notice to the creditor duly issued and served,

and both creditor and debtor duly appeared. The debtor then contended that the First District Court of Eastern Middlesex had no jurisdiction to issue the certificate of arrest, and that he should be discharged without examination, but the presiding justice of the police court of Newton refused to discharge him on this ground, and proceeded to examine him concerning his property; whereupon he brought this petition. See Pub. Sts. c. 162, §§ 17, 18, 20, 27, 28, 31, 34; St. 1887, c. 442; St. 1888, c. 419; St. 1889, c. 415; St. 1891, cc. 271, 407.

The petitioner concedes that until the passage of St. 1893, c. 396, the First District Court of Eastern Middlesex had jurisdiction in such a case as this to issue the notice and certificate it issued, but he contends that this jurisdiction was taken away by that statute. He contends that the proceedings for the arrest and discharge of a debtor arrested on execution are in the nature of a civil action within the meaning of St. 1893, c. 396, § 13, and that, as neither of the parties to the execution lived or had his usual place of business in the judicial district of the First District Court of Eastern Middlesex, the proceedings could not be instituted in that court. We are of opinion that this contention is not well founded. The civil actions mentioned in § 13 are, we think, the actions of which the district and police courts are given original jurisdiction by § 12. This statute was not intended to affect the jurisdiction of these courts in proceedings for the relief of poor debtors. The petition, therefore, should be dismissed, and it is unnecessary to consider the other objections of the respondent.

If St. 1894, c. 184, should be regarded as applicable to pending proceedings, upon which we express no opinion, the police court of the city of Newton is the court in whose district the debtor lives, and the jurisdiction of this court would not be affected by this statute.

*Petition dismissed.*

*W. M. Noble,* for the petitioner.
*S. H. Tyng,* for the respondent.