### NELSON C. RUBERG, petitioner.

Suffolk.    March 19, 1896. — April 25, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Habeas Corpus — Statute — Alias Execution.*

A., having recovered judgment against B., took out execution, and B., having been cited to appear and submit to an examination touching his estate, was defaulted, and a certificate authorizing his arrest was affixed to the execution and a default was had thereon. The execution having been returned into court, an alias execution was taken out on September 21, 1895, to which a certified copy of the original certificate of arrest on the original execution was duly affixed. B. was arrested on the alias on November 19, 1895, and, having recognized, gave notice of his intention to appear before the court to take the oath for the relief of poor debtors, and, having so appeared and submitted to examination from time to time until February 8, 1896, the judge refused to administer to him the oath for the relief of poor debtors, and he was committed to jail upon the alias execution. *Held*, that a petition for a writ of habeas corpus was rightly denied.

PETITION, filed February 14, 1896, for a writ of habeas corpus to the sheriff of Suffolk. Hearing before *Morton*, J., who ordered the petition to be dismissed, and, at the petitioner's request, reported the case for the determination of the full court, in substance as follows.

One Carey recovered judgment in the Superior Court at Brockton against the petitioner on January 7, 1895, and subsequently took out execution, upon which the petitioner was cited to appear and submit himself to an examination touching his estate before the police court of Brockton. He did not appear for examination, and was defaulted, and a certificate authorizing his arrest was duly affixed to the execution, and a default was had thereon. Afterwards the original execution was duly returned into court, and an alias execution was taken out by Carey on September 21, 1895. A certified copy of the original certificate of arrest on the original execution was duly affixed to the alias. The petitioner was arrested on the alias on November 19, 1895, and on the same day recognized with surety for his appearance before some court having jurisdiction to examine him as a poor debtor. Subsequently the petitioner gave notice of his intention to appear before the Municipal Court of the City of Boston to take the oath for the relief of poor debtors, and appeared and submitted himself to examination from time to time until February 8, 1896, when the court refused to administer to him the oath for the relief of poor debtors, and a mittimus was attached to the alias execution; and thereupon the petitioner was committed to the jail in the county of Suffolk upon the alias execution.

If the ruling was correct, the order was to be affirmed; otherwise, the writ was to issue, and the petitioner to be discharged, or such other disposition made of the case as should seem meet.

*H. P. Fellows*, for the petitioner.

*D. R. Coughlan*, for the respondent.

FIELD, C. J. Section 44 of the Pub. Sts. c. 162, is as follows: " If the debtor arrested on execution and taken before the magistrate does not desire to take an oath, or fails to procure surety or sureties to the satisfaction of the magistrate as before provided, or if upon his examination the oath or oaths are refused to him,

of which refusal a certificate shall be annexed to the execution and signed by the magistrate, he shall be conveyed to jail, and there kept until he has recognized as herein provided, (if the oath for the relief of poor debtors has not been refused him,) or until the execution is satisfied, or he is released by the creditor, or has given notice as before provided and taken the oath for the relief of poor debtors, or the oath that he does not intend to leave the State, in cases where such oath is permitted."

We think that this section means that the certificate of the refusal of the magistrate to administer to the debtor the oath for the relief of poor debtors shall be annexed to the execution on which he has been arrested; and there has been since the Public Statutes no change in the law in this respect material to the present case.

The nature and effect of the debtor's entering into a recognizance are stated in *Morgan* v. *Curley*, 142 Mass. 107, 109, as follows: "When the debtor enters into a recognizance in compliance with the statutes, the recognizance takes the place of the execution and the arrest, and remains as security to the creditor. The power of the execution is suspended, until the debtor submits himself to examination, and the magistrate refuses the oath, and annexes to the execution his certificate to that effect. Then, if the officer is present at the place of the examination, and the debtor is there, abiding the final order of the magistrate, the officer is empowered to take him. The recognizance is then of no effect, and the execution resumes its former power."

When the service of an execution has been begun before the return day, it may be completed after the return day, whether the service be by a levy upon the lands or goods of the debtor, or by an arrest of his person. This is the rule at common law, as well as under the statutes. The taking of the debtor by the officer into custody on the execution after the certificate of the refusal of the oath or oaths has been annexed to it is not a new or second arrest, but it is a resumption or continuance of the original arrest, which has been suspended during the proceedings under the recognizance. *Prescott* v. *Wright*, 6 Mass. 20. *Heywood* v. *Hildreth*, 9 Mass. 393. *Russell* v. *Goodrich*, 8 Allen, 150. *Capen* v. *Doty*, 13 Allen, 262.

Section 55 of the Pub. Sts. c. 171, was taken from the Gen. Sts. c. 133, § 53, and from the Rev. Sts. c. 97, § 14. The section was inserted in the Revised Statutes on the recommendation of the Commissioners. Commissioners' Report, c. 97, § 14, notes. Of this section the Commissioners say: " One part of this section has been already recognized as law by the Supreme Court in the 6 Mass. R. 20 ; and the other part seems to be also established by the books of common law. A similar principle has been adopted by the Legislature, as to the acts of a deputy sheriff after the removal of his principal (Stat. 1808, 46), which enactment is expressed to have been made for the purpose of removing and preventing doubts ; and it is for the same reason that this section is now proposed."

The present case concerns only the part of Pub. Sts. c. 171, § 55, which purports to authorize an officer to complete the service of an execution after the return day when the service was begun before that day. It was meant to be of general application, although the cases to which it has been applied have been those of a levy upon real or personal property. At common law, after the arrest of the debtor on execution, there were no proceedings similar to those under our statutes for the relief of poor debtors. But these proceedings, after a recognizance has been given, we think, merely suspend the arrest until it can be determined whether the debtor shall be discharged from arrest or committed under the execution on which he was arrested. The petitioner, after the oath was refused to him, was therefore lawfully committed to jail under the alias execution, which was the execution on which he was originally arrested. This is the only question argued.

*Petition dismissed.*