DALTON–INGERSOLL COMPANY *vs.* WILLARD B. HUBBARD.

Suffolk.   January 13, 1899. — October 18, 1899.

Present: HOLMES, C. J., KNOWLTON, MORTON, & LATHROP, JJ.

*Poor Debtor — Execution — Recognizance — Oath — Statute — Magistrate.*

A poor debtor arrested on execution, who has recognized to appear before a court or magistrate to take the oath for the relief of poor debtors, cannot properly apply to a magistrate in another county than that in which he was arrested.

Section 114 of Pub. Sts. c. 27, authorizes a constable to serve process within his own town in any proper case where the subject matter involved does not exceed three hundred dollars in value; and he can lawfully act where the amount of the original judgment, which was for more than three hundred dollars, has been reduced by payment to less than three hundred dollars before the execution was issued, and the execution was for a sum less than three hundred dollars.

CONTRACT, against the surety, upon a poor debtor's recognizance. The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, upon agreed facts, in substance as follows.

The judgment debtor, who resided in Brookline, in the county of Norfolk, was arrested in Boston in Suffolk county by a constable, on a *pluries* execution. This execution was issued in an action in which the damages were laid at $500. The original execution issued for $338.62. The amount of the original execution appeared on the face of the *pluries*, together with a credit of $61. By the *pluries* execution the officer was directed to " commit unto our gaol in Dedham or unto any gaol in your precinct in said county aforesaid " [Norfolk]. The debtor recognized, with the defendant as surety, to surrender himself for examination within thirty days, before " some court of record, or police, district, or municipal court." Within this time he surrendered himself before the police court of Brookline, and the oath for the relief of poor debtors was administered to him.

*C. T. Cottrell*, for the plaintiff.

*E. F. McClennen*, for the defendant.

KNOWLTON, J.   The principal question in this case is whether a poor debtor arrested on execution, who has recog-

nized to appear before a court or magistrate to take the oath for the relief of poor debtors, can properly apply to a magistrate in another county than that in which he was arrested. In the Prov. Sts. 1698, c. 11, 1 Prov. Laws, (State ed.) 330, there was a provision for the release of poor debtors upon taking an oath as prescribed, and it was expressly declared that the hearing should be " in the same county " where the debtor was held under arrest. From that time until the enactment of the Revised Statutes many acts were passed in reference to poor debtors, and in all of them there was an express provision that the proceedings for their relief should be in the county of their commitment. Prov. Sts. 1727–8, c. 9, 2 Prov. Laws, (State ed.) 462. Prov. Sts. 1736–7, c. 13, 2 Prov. Laws, (State ed.) 831. Prov. Sts. 1737–8, c. 17, 2 Prov. Laws, (State ed.) 913. Prov. Sts. 1741–2, c. 6, 2 Prov. Laws, (State ed.) 1069. Prov. Sts. 1759–60, c. 12, 4 Prov. Laws, (State ed.) 276. Prov. Sts. 1762–3, c. 18, 4 Prov. Laws, (State ed.) 605. St. 1789, c. 9. St. 1816, c. 55. St. 1817, c. 186. The codification of 1835 contains a like provision. Rev. Sts. c. 98, §§ 1, 4. A similar provision is found in St. 1842, c. 56. See also St. 1844, c. 154. In St. 1857, c. 141, there is new legislation covering the whole subject of arrest on execution and the relief of poor debtors. This statute, in § 4, requires that the " defendant, when arrested, . . . shall be carried before some justice of a court of record, police court, judge of probate, master in chancery, or commissioner of insolvency," etc. It plainly implies that the officer shall carry him before a magistrate within his precinct, that is, within the county, although it does not expressly say so. The recognizance authorized by § 10 is in like manner silent in regard to a place where the debtor shall seek a magistrate for examination, but the language is, " will deliver himself up for examination . . . and abide the final order of the magistrate thereon." This implies that the magistrate shall be, if not the same who takes the recognizance, at least one within the same county ; otherwise there would be a change of the law by mere silence, on a subject which was well understood from a continuous course of practice for nearly one hundred and fifty years.

The statutes since have required no express statement in recognizances in regard to the place where the application to the

magistrate is to be made after the debtor is released upon his recognizance. But there is much to show that the jurisdiction is fixed by the place of the arrest. The hearing may be as soon as notice can be given, upon an application made immediately to the magistrate before whom the debtor is carried. This, of course, must be in the county where the arrest is made ; for the officer cannot carry him out of the county in which he is commissioned to serve process. If he is committed to jail without making an application to take the oath, and without entering into a recognizance, the commitment must be to the jail within the county, and if he afterwards desires to take the oath, his application is ordinarily to be made through the jailer, and the jailer, as a county officer, would apply to a magistrate having jurisdiction in that place. See Pub. Sts. c. 162, §§ 53, 54. It is clear, therefore, that when the application is made immediately to the magistrate before whom the debtor is carried when arrested, and when it is made through a jailer, after having been committed without recognizing, the proceedings are to be within the county where the arrest is made. The Pub. Sts. c. 162, § 32, indicates that in all cases they are to be in that county, for it makes general provisions for the service of notice, on the theory that the creditor is living and is a resident of the county where the arrest is made, and then makes special provisions for convenient and speedy service within that county upon an agent, attorney, or the officer, in case the creditor is dead or not a resident of the county. Moreover, it is expected that the arresting officer will be present to resume the arrest and commit the debtor if the oath is refused him at the hearing. The recognizance is only a suspension of the service of the execution, and ordinarily the officer is to retain the execution and complete the service unless the debtor is discharged. See *Ruberg, petitioner*, 166 Mass. 33, 35. The law does not contemplate a proceeding which will take the case out of the jurisdiction of the officer who serves the execution. The debtor cannot complain that the jurisdiction is exclusively in the county where he is found. Presumably he is there by his voluntary act; but it would be a great hardship to a creditor if, after making an arrest, the debtor could call him to a distant part of the State for a hearing.

We know of nothing which makes the jurisdiction in proceed-

ings of this kind in any way dependent upon the place of residence of either of the parties. In *Collins* v. *Kennedy*, 161 Mass. 440, it was held that the provisions of the St. of 1893, c. 396, as to jurisdiction and the venue of actions before district and police courts are not applicable to proceedings upon executions against poor debtors. These cases are left to stand, as they have stood for over two hundred years, upon the statutes which fixed the jurisdiction in the county where the arrest is made.

The only remaining question is whether the arrest was illegal and the recognizance void, because the arrest was made by a constable. The direction to serve contained in the execution includes constables as well as sheriffs and their deputies. See Pub. Sts. c. 160, § 5. The slight irregularity in regard to the jail to which the commitment should be made does not render the arrest illegal. It is contended with some force that a constable could not lawfully act, because the original judgment was for more than three hundred dollars damages. This amount had been reduced by payment to less than three hundred dollars before this execution was issued, and the execution was for a sum less than three hundred dollars. The constable acted under Pub. Sts. c. 27, § 114. This section gives authority to a constable to serve process within his own town in any proper case where the subject matter involved does not exceed three hundred dollars in value. We are of opinion that his authority in the present case was determined by the amount for which the execution was issued, and not by the amount of the judgment before any part of it was collected.

*Judgment for the plaintiff.*